**LYCOMING SHOE COMPANY, Inc., Appellant,**

v.

**Doris WOODS and Kentucky Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Oct. 22, 1971.

David O. Welch, Caldwell, VanAntwerp, Welch & Hughes, Ashland, for appellant.

Gary L. Littleton, Grayson, Howard H. Harcha, Jr., Portsmouth, Ohio, for appellees.

REED, Judge.

The issue posed on this appeal is whether the circuit court erred when it reversed a decision of the Workmen's Compensation Board that denied compensation benefits to the widow of an employee who was killed in an automobile accident. The board held that the employee's death did not "arise out of and in the course of" his employment. The circuit court held that the undisputed facts established, as a matter of law, that the accident in which the employee was killed arose out of and in the course of his employment. The employer has appealed the circuit court's disposition to this court and asserts that we should reinstate the board's decision.

Williams Manufacturing Company, which is located in Portsmouth, Ohio, is a manufacturer of shoes. Forest Woods, the deceased employee, had been employed by Williams for thirty years when that company decided to locate a wholly owned

subsidiary, Lycoming Shoe Company, in West Liberty, Kentucky. Williams transferred Woods to Lycoming in March, 1967. He decided to retain his home in Portsmouth. Each weekend Woods returned to his home and then travelled back to West Liberty, Kentucky, on Sunday afternoon so he could report for work at Lycoming on Monday morning. Until June, 1967, Woods was retained on the payroll of Williams; he was paid travel expenses and reimbursed for the costs of his meals and lodgings in West Liberty. After June, 1967, however, he was transferred to the payroll of Lycoming and all expense allowances for travel or for living expenses in West Liberty were terminated. Woods planned to move his family to West Liberty in the summer of 1968.

In early November, 1967, Woods made his usual weekend trip to Portsmouth to visit his family. Lewis Reinhardt, an employee of Williams who worked at Lycoming, used his car for these weekend trips. Reinhardt was on the payroll of Williams and received reimbursement for travel expense. Materials used by Lycoming were purchased by and delivered to Williams in Portmouth and then shipped by truck to Lycoming. Shortages of material sometimes developed when trucks were not available and individual employees would, in those instances, transport the material by car. Reinhardt, on some occasions, transported material between the Williams and the Lycoming plants.

Reinhardt and Woods arrived in Portsmouth early on Friday night. The next morning Woods went to the Williams plant and picked up some material for delivery to Lycoming. On Sunday afternoon, Reinhardt and Woods placed the material in Reinhardt's car and started back to West Liberty. Prior to reaching their destination, both men were killed in a traffic accident.

The circuit court found that the main purpose of Woods in returning home on weekends was personal; that Lycoming held Reinhardt responsible for the procurement and delivery of material on those occasions when it was needed; that Lycoming knew, however, that Woods assisted Reinhardt on these occasions and acquiesced in his participation. The circuit court felt that under the liberal construction policy applicable to workmen's compensation law, the recited factual circumstances required a conclusion that Woods was killed in an accident that arose out of and occurred in the course of his employment with Lycoming.

We recently discussed the problem of the compensability under our workmen's compensation law of an injury sustained while the employee was off the regular work premises. See Spurgeon v. Blue Diamond Coal Company, Ky., 469 S.W.2d 550 (1971). In this opinion our recent cases applicable to the problem are collected and considered. Therein we said: " * * * an employee's injuries sustained as the result of exposure to the risks of the streets or highways are covered by the compensation act if the exposure to the hazards was the result of his work or if his employment was the reason for his presence at the place of danger." The Spurgeon case turns on the question of whether the employer directly or indirectly led the employee to believe that a particular activity off the work premises was required as an incident to employment. There is no evidence in this case (as the circuit court's own findings demonstrate) that the employer either directly or indirectly led Woods to believe that procurement or transportation of material on the occasions of his weekend trips was a requirement as an incident of his employment. Reinhardt was expected to transport material on necessary occasions and was paid for it.

In Craddock v. Imperial Casualty and Indemnity Co., Ky., 451 S.W.2d 658, we adopted Larson's analysis of Marks' Dependents v. Gray, 251 N.Y. 90, 167 N.E. 181. The problem involved in those cases is where the employee is injured while on a so-called "dual purpose" trip—a trip whose purpose is partly personal and partly business. In our discussion we said: " * * *

it is a personal trip if the trip would have been made in spite of the failure or absence of the job purpose and would have been dropped in event of the failure of the private purpose, though the business errand remained undone; * * *." Under the circuit court's own findings, the trip was not sufficiently work connected under the Marks formula, even if it could have been found that the employer requested Woods to pick up material on this particular trip. The business purpose was not a cause of the trip as far as Woods was concerned. Hence, the accident could reasonably be found not to have arisen out of and in the course of his employment. In any event, we cannot say that the evidence and the permissible inferences that could be drawn from it were so clear and convincing that the board's finding, which was adverse to the claimant, was clearly unreasonable. Cf. Kentucky State Racing Commission v. Newton, Ky., 433 S.W.2d 873. The board's decision must stand.

The judgment is reversed with direction to enter a new judgment confirming the board's order that dismissed the claim.

All concur.