**William Allen BROWN, Andrew Benningfield and Frances Marie Drumm, as widow of Roger Edward Drumm, Deceased, Appellants,**

v.

**Donald OWSLEY and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Jan. 6, 1978.

Discretionary Review Denied
May 16, 1978.

Larry D. Raikes, Hodgenville, for appellants.

Armer H. Mahan, Davis & Mahan, Louisville, for appellee.

Before COOPER, HAYES and HOWERTON, JJ.

COOPER, Judge.

This case is on appeal from a judgment of the Hardin Circuit Court which affirmed the Workmen's Compensation Board which denied workmen's compensation benefits to the appellants.

On September 21, 1973, the appellants, William Allen Brown and Andrew Benningfield, were injured in a car accident in the City of Elizabethtown, Hardin County, Kentucky. In the same accident, Roger Edward Drumm was killed. He and the other two injured appellants were passengers in a vehicle driven by Johnny Lawson. All three were employees of the appellee, Owsley, who was a masonry contractor. At the time of the accident, they were on their way home from a work site near Elizabethtown to their central meeting point in Hodgenville, Kentucky.

The contractor, Owsley, the appellee in this case, would change job sites very often. He would complete one job and move on to the next job which might be in a different county. When he was ready to move from one job site to the next, he would inform his employees where the job was going to be and how to get there. The employees would commute every day from their central point to the job site. The appellants would congregate each morning before work at the appellant, Drumm's home in Hodgenville and the driver of the automobile in the car accident, Lawson, would then meet them at Drumm's home where they would then proceed to the particular job in either Drumm's car or Lawson's car. At the end of the work day all four would use the same procedure in getting home.

The work day of the appellants started at 8:00 a. m. and ended at 4:30 p. m. with an hourly wage rate being paid on a forty (40) hour week. The appellants had thirty (30) minutes off each day for lunch.

The issue before this Court is:

WHETHER THE INJURIES TO THE APPELLANTS, BROWN AND BENNINGFIELD, AND THE DEATH OF THE DECEDENT, DRUMM, AS A RESULT OF THE ACCIDENT OF SEPTEMBER 21, 1973, AROSE OUT OF AND WERE IN THE COURSE OF THEIR EMPLOYMENT, AND THEREFORE COMPENSABLE UNDER THE KENTUCKY WORKMEN'S COMPENSATION ACT.

We believe that the lower court did not err in affirming the Workmen's Compensation Board in its denial of appellants' claims. The appellants have well briefed their position and argued persuasively in attempting to bring the present fact situation within the coverage of the Workmen's Compensation Act. In doing so, appellants have cited *Kaycee Coal Co. v. Short,* Ky., 450 S.W.2d 262 (1970) and *Corken v. Corken's Steel Products, Inc.,* Ky., 385 S.W.2d 949 (1965). These two cases expound the street risk doctrine and the positional risk doctrine respectively.

However, after a review of the facts, we believe that those cases and the theories they propound are inapplicable in this case. Since those cases, the court has decided *Spurgeon v. Blue Diamond Coal Co.,* Ky., 469 S.W.2d 550 (1971); *Lycoming Shoe Co. v. Woods,* Ky., 472 S.W.2d 257 (1971); and *Baskin v. Community Towel Service,* Ky., 466 S.W.2d 456 (1971); which, as in the instant case, involve employees being injured either while traveling for their employer or while traveling from home to the place of their employment. In these cases, the court has held that the critical issue is whether the employee was injured while performing some service for his employer. The court held that travel from home to the place of employment is not performing some service for the employer, and therefore is not arising out of and in the course of employment. Under the present fact situation there is no evidence that the employees were performing any service for their employer.

Therefore, we are compelled to hold in the present case that where the appellants traveled from home to a central meeting point each morning and then to a fixed place of employment, although it may change from day to day or week to week, and where they worked a fixed schedule from 8:00 a. m. until 4:30 p. m., that injuries or death incurred while in transit from home to work do not come within the purview of the Workmen's Compensation Act and it cannot be said that their injuries and

death arose out of or in the course of their employment.

We affirm.

All concur.