Paul J. **WENGLER**, Plaintiff-Appellant,

v.

**DRUGGISTS MUTUAL INSURANCE CO. and Dicus Prescription Drugs, Inc., Defendants-Respondents.**

No. 43259.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 14, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 15, 1981.

John W. Reid, II, Fredricktown, for plaintiff-appellant.

Ralph C. Kleinschmidt, St. Louis, for defendants-respondents.

CRIST, Presiding Judge.

Proceeding to establish certain Blue Cross insurance coverage, paid by employer, as part of and included in the computation delineating that which constitutes former employee's weekly earnings under the death benefit provisions of Missouri's Workmen's Compensation Law, §§ 287.240(2) and 287.-250, RSMo Supp.1976.

The trial court, in apparent agreement with the referee of the Division of Workmen's Compensation, found that decedent employee's weekly wage was $69.00 per week and further found that the "Blue Cross payments of $88.85 per month [made] by [decedent's] employer was not part of employee's weekly earnings." We affirm.

This particular case has stretched through the various administrative bodies and courts of this state (and, indeed, the United States Supreme Court), and snapped back like a rubber band.[1] Constitutional questions and "presumption of dependence" considerations now aside, the sole remaining issue is whether the Blue Cross coverage provided by deceased's employer was erroneously excluded in computing her weekly wage pursuant to §§ 287.240(2) and 287.250, RSMo Supp.1976.

The facts are not in dispute and most were the subject of a stipulation, to-wit: Decedent was employed by Dicus Prescription Drugs, Inc. at $69.00 per week; Employer's workmen's compensation insurance carrier was Druggists Mutual Insurance Co.; Employer also provided Blue Cross medical insurance coverage for decedent employee at a cost to employer of $88.84 per month; Decedent was struck by an automobile and killed while leaving her place of employment (specifically, in her employer's parking lot), her death arose from the scope of her employment; and Claimant was decedent's husband and entitled to any benefits which would accrue pursuant to Missouri Workmen's Compensation Law.

Computation of a deceased employee's weekly earnings for purposes of ascertaining benefits accruing to a surviving spouse is governed by §§ 287.240(2) and 287.250, RSMo Supp.1976. Section 287.240(2) directs the employer (or his insurer) to pay 66⅔% of decedent's employees average weekly earnings, for the year immediately preceding employee's death, to employee's dependents. Section 287.250 provides the means by which an employee's weekly compensation is computed.

(1) The compensation shall be computed on the basis of the annual earnings which the injured person received as salary, wages, or earnings if in the employment of the same employer continuously during the year preceding the injury;

and,

(7) In computing the annual earnings there shall be included the reasonable value of board, rent, housing, lodging and fuel received from the employer as a part of the remuneration of the employee and which can be estimated in money, and the value of gratuities customarily received by consent of the employer, in the usual course of business from persons other than the employer, but there shall not be included the wages of helpers or any sums which the employer paid to the employee to cover any special expenses entailed on him by the nature of the employment.

The above-quoted statute defines with particularity that which may *automatically* be considered part of an employee's "compensation," and payment of insurance premiums is not mentioned. Statutory omission of insurance premium payments in effect creates a presumption that such payments may not be considered in computing the employee's weekly wage. *Giloti v. Hamm-Singer Corp.*, 396 S.W.2d 711, 713 (Mo.1965), *Glazebrook v. Hazelwood School District*, 498 S.W.2d 823, 826 (Mo.App.1973). However, case law in this state suggests that this presumption may be refuted by evidence of the contractual terms of employment agreed upon between the employ-

1. See *Wengler v. Druggists Mut. Ins. Co.*, 583 S.W.2d 162 (Mo. banc 1979); and, *Wengler v. Druggists Mut. Ins. Co.*, 446 U.S. 142, 100 S.Ct. 1540, 64 L.Ed.2d 107 (1980), and 601 S.W.2d 8 (Mo.1980).

er and employee. *Newman v. Rice-Stix Dry Goods Co.*, 335 Mo. 572, 73 S.W.2d 264, 270 (1934); *Russell v. Ely & Walker Dry Goods Co.*, 332 Mo. 645, 60 S.W.2d 44, 46–47 (1933); *Morrow v. Orscheln Brothers Truck Lines*, 235 Mo.App. 1166, 151 S.W.2d 138, 145 (Mo.App.1941).

■ It is incumbent upon claimant, who seeks to include the insurance premium payments in the compensation equation, to present evidence that such was the contractual arrangement. It is in this evidentiary context that claimant must be considered as having failed. See, *Hite v. Evert Products Co.*, 34 Mich.App. 247, 191 N.W.2d 136 (1971).

■ In light of the statutory omission of insurance payments in § 287.250, RSMo Supp.1976, and inasmuch as the record is devoid of evidence indicating that the payment of premiums was part of a contractual arrangement to which decedent employee had a contractual right, we must affirm the trial court's judgment.

Affirmed.

REINHARD and SNYDER, JJ., concur.