**HOWARD D. STURGILL & SONS, Appellant,**

v.

**Timothy FAIRCHILD and Kentucky Workers' Compensation Board, Appellees.**

Supreme Court of Kentucky.

March 30, 1983.

Howard VanAntwerp III, John I. Hanbury, VanAntwerp, Hughes, Monge & Jones, Ashland, for appellant.

Robert J. Greene, Paintsville, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals reversing the judgment of the circuit court and the Workers' Compensation Board which determined that Fairchild was entitled to compensation benefits for injuries sustained in an automobile accident while returning home after picking up his paycheck at the home of his employer.

We reverse the Court of Appeals and reinstate the judgment of the circuit court and the opinion of the Board.

The issue is whether the Court of Appeals correctly applied the law in reversing a finding of fact by the Board.

The employer argues that the Court of Appeals overstepped its authority and committed reversible error in overturning the Board's finding of fact that Fairchild was not on a mission which would benefit or be of service to his employer and was thus not compensable. They also maintain that the Board's finding was based on probative evidence and a correct application of the law.

Fairchild was injured in an automobile accident on August 31, 1977, when he was driving home after picking up his paycheck at the home of his employer. Fairchild's own home was in the opposite direction from that of his employer. The Board determined that the employer was not receiving a benefit or service at the time of the accident. This court agrees.

The Court of Appeals committed reversible error by reversing the Board's finding of fact. Where an employee is traveling between his home and the place of employment and is not performing some special service or benefit for his employer, his injuries are not sustained in the course of his employment. *Brown v. Owsley*, Ky. App., 564 S.W.2d 843 (1978).

■ The Board's determination that Fairchild's action was not of benefit or service to his employer is a finding of fact, not a conclusion of law. It is well settled that findings of fact will not be disturbed on appeal if they are supported by evidence of probative value. The reviewing court must not substitute its judgment for that of the finder of fact.

■ Here the Board's finding that the actions of Fairchild were of no benefit or service to his employer is supported by the evidence. Fairchild was not required to pick up his check at his employer's home, nor was he paid for doing so. The evidence indicates that he could have chosen any number of methods to receive his paycheck. In any event, Fairchild was returning from his work place to his own home after the completion of work when the accident occurred.

In this instance, the Court of Appeals was substituting its own finding of fact for that of the Board. The Court of Appeals did not hold that the facts compelled such a finding. It did not hold that there was no evidence to support the Board's decision. It only disagreed with the Board's interpretation of the facts.

■ Even though the reviewing court may not agree with the inferences drawn by the Board, it did not have the authority to overrule that finding because it was supported by the evidence. In order to reverse the finding of the Board, the claimant, who has the burden of proof, must present evidence that is so overwhelming as to compel a finding in his favor. *Old Republic Insurance Co. v. McCarty,* Ky., 599 S.W.2d 163 (1980).

Here reliable evidence of probative value supports the finding of the Board that the employee was not performing a service for the employer at the time of the accident. Therefore the decision of the Workers' Compensation Board must be upheld.

The decision of the Court of Appeals is reversed. The decision of the circuit court and of the Workers' Compensation Board is to be reinstated.

All concur.