Thelma L. STOVALL, Commissioner of Labor, (Special Fund), Appellant,

v.

Eugene COLLETT and Workers' Compensation Board, Appellees.

SHAMROCK COAL COMPANY, INC., Appellant,

v.

Eugene COLLETT and Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

June 15, 1984.

Cathy L. Utley, Dept. of Labor, Louisville, for the Special Fund.

Neville Smith, Smith & Emmons, Manchester, for Shamrock Coal Co., Inc.

Phillip Lewis, Attorney for Eugene Collett, Hyden, for appellees.

Before DUNN, McDONALD and MILLER, JJ.

MILLER, Judge.

This is an appeal[1] from a judgment of the Clay Circuit Court which reversed a decision of the Workers' Compensation Board (board). We reverse the Clay Circuit Court.

■■■ On March 17, 1981, appellee, Eugene Collett, filed an Application for Adjustment of Claim with the board. He alleged total and permanent disability attributable to pneumoconiosis and/or silicosis. For many years, he had been a bulldozer operator in the surface (strip) mining of coal. The application for compensation benefits was heatedly contested. The record contains six depositions of medical experts on each side. In addition, appellee, Eugene Collett, testified to his own inability to work supported by the testimony of a rehabilitation counselor with the Kentucky Department of Education, Bureau of Rehabilitation Services, the counselor being "loosely" qualified as a vocational expert. The board rendered a finding of 50% occupational disability. Upon appeal to the Clay Circuit Court by Eugene Collett, the court entered judgment, remanding to the board for a determination of 100% disability.[2] It is this judgment which forms the basis of this appeal. The circuit court's decision was based upon the testimony of Eugene Collett supported by the testimony of the vocational expert. The circuit court concluded that the board's decision was not supported by "substantial evidence." Here, we observe that this entire case has been litigated under the concept of "substantial evidence." This is erroneous. Substantial evidence is only important when the award of the board is attacked as being insufficiently grounded upon evidence. Once again, we outline the procedure: The burden of proof, as to injury and the extent thereof, is on the claimant. *See Snawder v. Stice*, Ky.App., 576 S.W.2d 276 (1979) and *Kentland Elkhorn Coal Co. v. Johnson*, Ky.App., 549 S.W.2d 308 (1977).

When there has been no award or the award is deemed insufficient, as in the instant case, the claimant, on appeal, must show that the evidence was so overwhelming as to compel a finding of the degree of disability to which he claims entitlement. In other words, it is incumbent on Eugene Collett to demonstrate that the record before the board contains such overwhelming evidence as to compel a finding that he suffered more than the 50% disability found by the board. In reviewing the evidence, the court may not substitute its judgment for that of the board as to the weight of evidence upon questions of fact. KRS 342.285(3).

■■■ Considering the fact, as apparently the circuit court did, that the voluminous medical evidence was a "stand-off," we think it was error to conclude that the applicant's own testimony of his inability to work, plus the testimony of the vocational expert compelled a finding of more than that prescribed by the board. The weight of this testimony was within the prerogative of the board, and however much weight one should ascribe to it, a contrary finding would not be compelled within the parameter of *Osborne v. Johnson*, Ky., 432 S.W.2d 800 (1968).

For the foregoing reasons, the judgment of the circuit court is vacated, and this cause is remanded for the entry of judgment affirming the award of the board on the question of disability.

All concur.

---

1. This matter constitutes a single appeal. By Order of this court, dated September 22, 1983, appellants were granted permission to file separate briefs.

2. A court may not direct the percentage of disability. *See Yocom v. Conley*, Ky.App., 554 S.W.2d 416 (1977).