**LOUISVILLE COOPERAGE, Appellant,**

v.

**Bernard A. KNOPPE, Special Fund and Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Aug. 30, 1985.

Douglas W. Becker, Roach, Rogers & Diamond, Louisville, for appellant.

Robert W. Heaton, Kelley, Heaton & Kelley, Bardstown, for appellee, Bernard A. Knoppe.

Cyril E. Shadowen, Labor Cabinet, Louisville, for appellee, Special Fund.

Before COMBS, REYNOLDS and WILHOIT, JJ.

COMBS, Judge.

This is an appeal from a judgment of the Jefferson Circuit Court, affirming an award of 30% occupational disability by the Workers' Compensation Board.

Appellee, Bernard A. Knoppe, applied for disability benefits for a work-related back injury which occurred on June 12, 1981. The Workers' Compensation Board found that appellee suffered a 30% occupational disability from the back injury, but determined that the 1981 injury was not the sole cause of the disability. Consequently, it charged appellant with one-half of the award, representing the extent of appellee's disability attributable to the 1981 injury. The board apportioned the remaining one-half to the Special Fund, representing the disability caused by the arousal of a dormant non-disabling disease into disabling reality. The Jefferson Circuit Court affirmed the board's decision, and the employer brought this appeal. The Special Fund did not join in the employer's appeal although it has filed an appellee's brief.

Appellant argues that appellee's award must be set aside because the board's finding of permanent disability is not supported by substantial evidence. The evidence in this case consists of stipulations by the parties, the transcript of the hearing before the referee, the medical testimony of Dr. Joseph Bowling and Dr. K. Armand Fischer, and the testimony of Anthony Gamboa, Ph.D., a vocational expert.

Dr. Gamboa opined that appellee sustained an occupational loss in the range of 65%–75%, based on his evaluation of appellee's age, educational level, skills, work experience, and physical condition. Although appellant suggests that Gamboa's opinion was grounded solely on medical informa-

tion predating the 1981 injury, the record clearly shows that Dr. Gamboa relied, in part, on Dr. Fischer's examination of appellee after the 1981 injury, as well as appellee's subsequent activities.

The Board summarized Dr. Fischer's testimony in its findings of fact as follows:

7. Dr. K. Armand Fischer, an orthopedic surgeon, examined the plaintiff pursuant to KRS 342.121 and thereafter testified on behalf of the plaintiff. Although Dr. Fischer appeared to be somewhat confused regarding the dates of plaintiff's injuries we interpret his testimony to indicate that the plaintiff does retain a 28% disability to the body as a whole with 22% being active prior to June, 1981, 3% being due to the injury of June, 1981, and 3% being due to the arousal of a pre-existing disease or condition.

■ In our opinion, the testimony of Dr. Fischer and Dr. Gamboa constitutes "substantial evidence of probative value" sufficient to support the board's finding of a permanent disability of appreciable proportions. The board's decision in favor of a claimant will not be disturbed on appeal if supported by substantial evidence of probative value in the record. *Stovall v. Collett*, Ky.App., 671 S.W.2d 256 (1984).

■ Appellant also argues that the board erred in finding that no occupational disability existed immediately prior to the subject injury. Appellant contends that appellee suffered a disabling back injury in 1979, and maintains that Dr. Fischer's finding of a 22% active pre-existing disability requires a parallel finding of occupational disability prior to the subject injury.

We disagree. The Kentucky Supreme Court recently discussed this very issue in *Cook v. Paducah Recapping Service*, Ky., 694 S.W.2d 684 (1985). In that case, the court considered whether medical evidence of functional disability mandates a finding of occupational disability, and concluded that it does not. In explaining its reasoning, the court stated as follows:

Without question, if two doctors find functional impairment and two doctors find none, the Board can make a finding of no occupational disability, either upon the ground that the Board accepts the testimony of the doctors who found no impairment *or upon the ground that the functional impairment which existed did not result in any occupational disability. Id.* at 688 [Emphasis added].

In the case before us, appellant's own expert, appellee's treating physician, testified that appellee merely suffered a strain in 1979 and that he was able to perform his regular work without medication after recovering from the injury. Appellee stated that he returned to his old job following the 1979 injury, which he described as very heavy work. It is undisputed that appellee was moved to light work following the 1981 injury.

In our opinion the board concluded that any functional impairment which existed prior to 1981 did not result in any occupational disability. The board's conclusion is supported by substantial evidence of probative value, so it was not required to reduce appellee's award to reflect a pre-existing disability.

In any event, we are not at all certain that the employer has standing to appeal from this portion of the board's ruling. Any relief granted for the board's alleged error in failing to reduce the award for appellee's pre-existing disability will not inure to appellant's benefit but will only reduce that part of the award charged against the Special Fund. *See Young v. Fulkerson,* Ky., 463 S.W.2d 118 (1971). As we have already noted, the Special Fund did not appeal the board's ruling.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.