In the Matter of the Compensation of
Lynn O. Nelson, Claimant.

## NELSON,
*Petitioner,*

*v.*

## SAIF CORPORATION,
*Respondent*

(84-02707; A34757)

714 P2d 631

Richard A. Lee, Eugene, argued the cause for petitioner. With him on the brief was Velure & Bruce, Eugene.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, Pro Tempore, and Van Hoomissen and Young, Judges.

GILLETTE, P. J., Pro Tempore.

## GILLETTE, P. J., Pro Tempore

Claimant seeks judicial review of a Worker's Compensation Board order reversing the referee's decision in claimant's favor. The issue, one of first impression in Oregon, is whether employer-paid medical insurance and pension benefits should be included in the Workers' Compensation Act definition of wages in the calculation of benefits. ORS 656.005(27).[1] The Board held that they are not encompassed by the definition. We agree.

Claimant suffered a compensable injury on October 11, 1983. At the time of the injury, he was a member of the Oregon Public Employees Union. Under the union's negotiated labor contract with the state, he was entitled to employer-paid fringe benefits, including pension benefits and medical and dental insurance. The benefits were provided in lieu of a salary increase. Claimant argues that employer's contributions to the pension fund and medical and dental insurance should be considered wages for purposes of calculating temporary total disability benefits due as a result of the compensable injury. ORS 656.210.

On review of the referee's order to include employer paid benefits as wages, the Board stated:

"A general principle of statutory construction states that where general words follow an enumeration of specific items or classes, the general words will be construed as restricted by the specific designation so that they include only items of the same kind or class as those specifically enumerated. *State v. Brantley,* 201 Or 637 [271 P2d 668] (1954). In ORS 656.005(27) the general phrase 'or similar advantage received from the employer' follows a specific enumeration of 'board, rent, housing [or] lodging.' Thus, 'similar advantages received from the employer' must be of the same class as the specifically enumerated items. In [*Morrison-Knudson Const v. Dir. Wkrs. Comp. Prog.,* 461 US 624, 103 S Ct 2045, 76 L Ed 2d 194 (1983)], the court applied this principle to pension contributions.

---

[1] ORS 656.005(27) provides, in pertinent part:

"(27) 'Wages' means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident, including reasonable value of board, rent, housing, lodging or similar advantage received from the employer * * *."

" 'The narrow question is whether these contributions are a "similar advantage" to board, rent, housing or lodging. We hold that they are not. Board, rent, housing or lodging are benefits with a present value that can be readily converted into a cash equivalent on the basis of market values.' *Morrison-Knudson Const. v. Dir. Wkrs. Comp. Prog., supra,* 76 L Ed 2d at 199.[2]

"The court concluded that pension benefits are of a different class because they cannot readily be converted into a cash equivalent on the basis of market values. We agree with the analysis and find that contributions to PERS are not 'similar advantages' under ORS 656.605(27) and are, therefore, not 'wages' under the worker's compensation statutes.

"Further, the enumerated items in the statute are all benefits received by the employe from the employer. In other words, the employe has an immediate right to use and control them as soon as the employer makes them available. The PERS payments as well as the medical and dental premiums are benefits which are paid by the employer on the employe's behalf. The employe does not immediately receive them because there is no immediate right to use and control these employer paid benefits. Accordingly, we conclude that neither the PERS contributions nor the medical and dental premiums are 'similar advantages' under ORS 656.055(27). Therefore, these employer paid benefits should not be considered as wages in computing claimant's temporary disability rate."

We agree with and adopt the Board's reasoning.

Affirmed.

**VAN HOOMISSEN, J.,** dissenting.

I respectfully dissent for the reasons stated by the referee in his well reasoned opinion:

"The principal dispute between claimant and SAIF is a

---

[2]*Morrison-Knudson Const. v. Dir. Wkrs. Comp. Prog., supra,* 461 US at 624, construed section 2(13) of the Longshoremen's & Harborworkers' Compensation Act, 33 USC 902(13), which defines wages as

"the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury, including the reasonable value of board, rent, housing, lodging or similar advantage received from the employer * * *."

In *Morrison-Knudson,* the Court held that employer contributions required by a collective bargaining agreement of which the worker was a beneficiary are not "wages."

simple one. Claimant contends that the amounts contributed by the State of Oregon under the negotiated contract for Public Employees' Retirement System and medical and dental insurance are to be considered as part of his salary for computation of temporary disability compensation as defined by ORS 656.005(27) which provides the definition for wages; specifically, encompassed within the statutory language which provides for inclusion of certain benefits other than the exchange of money for services rendered, namely '* * * including reasonable value of board, rent, housing, lodging *or similar advantage* * * *'. SAIF contends that such 'fringe benefits' are not to be included or considered as a part of claimant's salary. [Emphasis in original.]

"No Oregon cases have been cited determining this question. However, I conclude that the language contained in the definition of wages as set forth in the statute is sufficiently clear that such amounts are to be included within the definition. There is no question that the amounts involved and in dispute were part of the recompense to be paid to the worker for his services as a part of the contract for hire. There is no dispute that those amounts were provided in lieu of salary increases for the covered workers under the negotiated contract.[1]

"In today's world, it seems to me there is also no question that the contributions in dispute are part of the normal financial elements which are considered to be part of a worker's ordinary standard of living:

"1.   The Public Employees Retirement contribution was provided to fund a worker's post-retirement income. Certainly, at the present time, he does not have the benefit of that contribution so he must, on his own, make other arrangements for post-retirement income. Part of that salary adjustment through temporary disability compensation would enable him, for example, to fund an IRA.

"2.   He is not receiving unlimited medical and dental benefits through workers' compensation, but only medical services for injurious conditions resulting from his injury. Furthermore, he is no longer receiving the contribution of premiums for medical and dental insurance from the state; consequently, he must make his own separate provisions for medical and dental coverage to provide for contingencies not related to his worker's compensation injury. Such items

---

[1]It is undisputed that the benefits are being paid by the employer in lieu of salary increases in 1979, 1981 and 1983.

particularly are normally included in ones consideration of his standard of living.

"There can be no controversy that in today's society the requirements for post-retirement income are significant as are the contingency arrangements for medical and dental services; both areas are very critical and are the subject of very intense contract negotiations.

"Considering the statutory language with which we are faced, are such financial elements 'of similar advantage' to the employee and employer as board, rent, housing and lodging, *i.e.,* the food and shelter elements of the worker's ordinary standard of living? The use of the language 'or similar advantage' was clearly intended to provide a comprehensive phrase to encompass other benefits of equal or similar intent within those employment contract agreements between employee and employer. It is my opinion that the specific items in dispute here are of similar benefit in the normal contemplation of ordinary living which equally result in helping maintain the worker's financial responsibility for himself and his family. Therefore, I conclude that claimant is entitled to have his contributions for Public Employees' Retirement System and medical and dental insurance premiums included within his salary for purposes of temporary disability computation."

*See Livingston v. State Ind. Acc. Com.,* 200 Or 468, 472, 266 P2d 684 (1954) (workers' compensation law should be interpreted liberally in favor of workers).