Drs. Fred RAINEY, David Lewis, and Astra Kidd, Appellants,

v.

Gladys Ann MILLS, John Calhoun Wells, and Workers' Compensation Board, Appellees,

and

Gladys Ann MILLS, Cross-Appellant,

v.

Drs. Fred RAINEY, David Lewis, Astra Kidd, John Calhoun Wells, and Workers' Compensation Board, Cross-Appellee.

Court of Appeals of Kentucky.

June 5, 1987.

Case Ordered Published by Court of Appeals July 10, 1987.

James G. Fogle, Louisville, for appellants/cross-appellees.

Thomas Cooper, Elizabethtown, for appellee/cross-appellant.

Thomas A. Dockter, Louisville, for appellee/cross-appellee.

Before HOWERTON, C.J., and COMBS and HAYES, JJ.

HAYES, Judge:

This is a workers' compensation dispute in which the employer, the Board, and Spe-

cial Fund appeal from a judgment entered in Hardin Circuit Court reversing and remanding an order of the Board for further findings concerning apportionment of occupational disability between two employers. Gladys Mills, the claimant, cross-appeals challenging the Board's finding of 61% occupational disability and the Board's refusal to include fringe benefits in the calculation of her average weekly wage.

On September 11, 1982, Gladys Ann Mills, a licensed practical nurse, sustained a work-related injury to her back while employed by Drs. Rainey, Lewis, and Kidd, appellants herein. She had suffered a compensable back injury in October, 1976, while employed by Greenview Hospital. This prior claim was settled for roughly $3,000 temporary total disability benefits, plus $28,950 in permanent partial occupational disability benefits, representing 10% to the body as a whole.

Subsequent to her most recent injury, the Board found her to be temporarily totally disabled for 84⅝ weeks at $130.67 per week, and 61% occupationally disabled at the expiration of that period. The Board apportioned 41% to active disability (noncompensable), 10% to the arousal of a preexisting dormant nondisabling condition (Special Fund) and 10% to the 1982 injury (the employer). She claimed before the Board and circuit court that the evidence compelled a finding of 100% total permanent occupational disability and that fringe benefits should be included in her average weekly wage.

The circuit court rejected her arguments, but reversed and remanded for additional findings of fact concerning apportionment of occupational disability between the 1976 and 1982 injuries. None of the parties before the Board or circuit court had found error with that apportionment determination; the court, on its own initiative, rejected the 41% figure because it determined that the finding on which it was based was clearly erroneous. The court inferred that

since the Board clearly erred in finding that the S.F. 4 in the 1977 settlement claim form was based on a 41% permanent partial disability ratio, where as the claim form itself recites a permanent partial rating of 10%, the Board may have merely carved that 41% figure out of her present 61% disability to avoid double recovery. The court surmised that the Board apparently picked-up the 41% figure from the employer's brief before the Board, "since that is the only place in the record where any mention is made of the 41% figure."

The trial court incorrectly relied on *Cook v. Paducah Recapping Service*, Ky., 694 S.W.2d 684 (1985) for authority to reverse on an issue not raised by the parties. *Cook* involved a clearly erroneous Board determination that an expert witness had stated that there was no functional impairment in the claimant. This finding was relevant to its ultimate finding of no occupational disability, an issue actually raised on appeal. The Kentucky Supreme Court agreed with the claimant/appellant that an ultimate finding or conclusion of the Board is entitled to be based upon correct findings of underlying basic facts, and remanded the case to the Board for entry of a new determination of the claim.

As a correct apportionment determination was not required for a disposition of any of the issues before the trial court, we hold it was error to remand the case for further findings on that issue.[1] A reviewing court should limit its review to the issues raised by the parties, as it is possible for a party to waive assignments of error, either expressly or impliedly. *Allen v. O.K. Mobile Home Sales, Inc.*, Ky.App., 570 S.W.2d 660 (1978).

Next, we will address the issues properly preserved for appellate review. The claimant initially argues that compensation must necessarily include fringe benefits; specifically, employer pension plan contributions, health insurance benefits, and life insur-

---

1. However, we do not place reliance on appellant's authority, *Eaton Axle Corporation v. Nally*, Ky., 688 S.W.2d 334 (1985), as that case involved an actual *failure* to make a required finding. The Kentucky Supreme Court held that in such a case the appellant must first bring such failure to the attention of the Board in a petition for rehearing before seeking judicial review.

ance premiums. While we appreciate her "melon" theory, wherein she states "when you bargain for a melon you get it all," we have been unable to find statutory support to include fringe benefits. KRS 342.140 defines wages as including not only money payments for services rendered, but:

the reasonable value of board, rent, housing, lodging, and fuel or similar advantage received from the employer, and gratuities received in the course of employment from others than the employer to the extent such gratuities are reported for income tax purposes.

■ The general phrase "or similar advantage received from the employer" follows the specific items of board, rent, housing or lodging. The "similar advantage received" must be of the same class as those specifically delineated, accordingly to general principles of statutory construction. *Nelson v. SAIF Corporation*, 78 Or. App. 75, 714 P.2d 631 (1986). Where specific items or classes are followed by more general language, the general words should be restricted by the specific designations so that they encompass only items of the same class or those specifically stated. *State v. Brantley*, 201 Or. 637, 271 P.2d 668 (1954). The express language of the statute and the failure of the legislature to include fringe benefits in any of the Act's amendments compels us to conclude that they were not intended to be encompassed within the Workers' Compensation scheme. It would be impermissible to extend the Act beyond it's legitimate scope. *Lovell v. Osborne Mining Corporation*, Ky., 395 S.W.2d 596 (1965). *Nelson, supra*, (Involving definition of wages virtually identical to Kentucky's; Employer-paid medical insurance and pension benefits held not encompassed in definition of wages for workers' compensation purposes). *Wengler v. Druggists Mutual Ins. Co.*, Mo.App., 616 S.W.2d 859 (1981), (Blue Cross payments held not to be included as part of weekly earning. Their omission in statutory provisions creates presumption of their exclusion).

■ Appellant next urges us to find an abuse of discretion in the failure of the Board to award less than 100% occupational disability. However, our review is limited to whether the evidence before the Board was so overwhelming as to compel a finding in the appellant's favor. *Stovall v. Collett*, Ky. App., 671 S.W.2d 256 (1984); *Sturgill & Sons v. Fairchild*, Ky., 647 S.W.2d 796 (1983). Where there is sufficient testimony to support the award of the Board, it will not be disturbed on review. *Snawder v. Stice*, Ky.App., 576 S.W.2d 276 (1979). In the instant case there was testimony by Dr. Gavin, an orthopedic surgeon who examined Mrs. Mills, that she is able to perform duties of a nurse in a private office setting, though he would restrict her lifting to 25 pounds. He stated that he would apply like restrictions to any patient who had undergone low back surgery. The Board considered Mrs. Mills' relatively young age, education, occupation, prior work history, and future earning capacity in finding that she sustained an occupational disability of 61%. As Mrs. Mills has not pointed to any evidence that would compel a contrary conclusion, we will not disturb the Board's determination.

Accordingly, that portion of the opinion and order of the Hardin Circuit Court which remanded the case back to the Board for further findings is reversed. The remaining portion affirming the Board's determination of 61% occupational disability and refusing consideration of fringe benefits in her weekly wage is affirmed.

HOWERTON, C.J., concurs.

COMBS, J., dissents.

COMBS, Judge, dissenting:

I respectfully dissent and would affirm the action of the trial court remanding the case to the Board for further findings.