**OLSTEN–KIMBERLY QUALITY CARE, Appellant,**

v.

Charlita PARR; Hon. W. Bruce Cowden, Jr., Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 97–SC–688–WC.

Supreme Court of Kentucky.

March 19, 1998.

David L. Murphy, Scott C. Wilhoit, Clark, Ward & Cave, Louisville, for Appellant.

Thomas H. Hughes, Becker Law Office, Louisville, for Appellee/Parr.

## OPINION OF THE COURT

This matter is before the Court as an appeal by the employer from an opinion of the Court of Appeals reversing the decision of the Workers' Compensation Board (Board). The Board's opinion upheld the Administrative Law Judge's (ALJ's) dismissal on the grounds that claimant's injury was not compensable as it was barred by the "going and coming" rule.

The issue presented in this appeal concerns the "service to the employer" exception to the "going and coming" rule.

Claimant was hired to act as a certified nursing assistant for the employer which provided home health care services. Her responsibilities included bathing, dressing, manicuring, and exercising patients. Claimant received her weekly assignments by telephoning the employer and receiving the names and addresses of the patients, as well as information regarding the services to be performed and the time frame in which they were to be completed. Therefore, she did not report to, or work from, the employer's physical office.

After claimant completed her job responsibilities with respect to the patient, she was required to complete paperwork and to return such to the employer either by mail or hand delivery. The employer maintained that it was company policy for its workers to complete the paperwork at the patients' homes. Claimant submitted that her routine included completing the paperwork after returning to her home and, thereafter, mailing the paperwork to the employer's office.

Regarding transportation, claimant was responsible for providing her own means of conveyance to and from the patients' homes as the employer did not furnish such to its workers as part of the employment relationship. However, workers were compensated for mileage incurred when providing services to nonprivate patients (services covered by governmental agencies such as Medicare or Medicaid); whereas, they were not compensated for mileage incurred when providing services to private patients (services paid by the patients' insurance company or by the patients themselves). Moreover, the testimony was that if claimant was unfamiliar with the route to be taken in order to easily get to and from the patients' homes, the employer provided her with a course to follow.

After performing services for a private patient on August 3, 1993, claimant was involved in an automobile accident which occasioned serious injuries and rendered her permanently quadriplegic. Claimant testified that she departed from the patient's home without completing the required paperwork, intending to complete such when she returned to her home. Resultantly, claimant filed an application for benefits. Ultimately, the parties stipulated that she was permanently and totally occupationally disabled, but disagreed as to whether the incident occurred in the course and scope of the subject employment.

The ALJ found that claimant had failed to establish that she was providing an identifiable service for the employer at the time of the incident by returning to her home to complete paperwork, and that she had failed to prove that her home had become part of the employer's premises. Therefore, applying the going and coming rule of noncompensability, the ALJ dismissed the claim.

Claimant appealed to the Board which, in a two-to-one decision, held that there was no compelling evidence to contradict the ALJ's rulings that (1) claimant was not returning to a home office on the date in question and (2) the actions of claimant at that time were not of benefit to the employer. Specifically, the Board stated:

Since no other purpose or errand has been shown, and since there is no evidence, such as payment for mileage or travel time, that Olsten considered Parr to be employed and at work during the time she was driving,

therefore, it was reasonable for the ALJ to conclude that the going and coming rule applied and that none of the exceptions took Parr's situation out of it.

Claimant appealed to the Court of Appeals which subsequently reversed the Board's opinion and remanded the claim for further findings. Specifically, the Court of Appeals noted that (1) there was no fixed job-site, (2) travel was an inherent requirement of the employment, (3) claimant would not have been in a place of danger but for the employment, and (4) the travel to and from the patients' home was of direct benefit to the employer's goals. Hence, the Court of Appeals determined that claimant's injury was sustained within the course and scope of her employment. In addition, the Court of Appeals noted that since it determined that the going and coming rule does not apply to the case herein, it was unnecessary to address the argument of whether claimant's home was a *de facto* office.

The employer now appeals to this Court and argues that the Court of Appeals exceeded its authority by substituting its judgment, regarding a question of fact, for that of the ALJ which had been affirmed by the Board. Moreover, the employer asserts that the evidence of record did not compel the conclusion that this case fit within any of the so-called exceptions to the going and coming rule. Namely, the employer submits that since (1) claimant was not on a special mission, (2) claimant was not continuously on call, and (3) claimant was not paid for her travel time, claimant did not establish that she was providing a service to the employer at the time of the accident.

■ The general rule is that injuries sustained by workers when they are going to or returning from the place where they regularly perform the duties connected with their employment are not deemed to arise out of and in the course of the employment as the hazards ordinarily encountered in such journeys are not incident to the employer's business. *See Kaycee Coal Co. v. Short*, Ky., 450 S.W.2d 262 (1970). However, this general rule is subject to several exceptions. For example, transitory activities of employees are covered if they are providing some service to the employer, *i.e.*, service to the employer exception. *See Standard Gravure Corp. v. Grabhorn*, Ky.App., 702 S.W.2d 49 (1985); *Spurgeon v. Blue Diamond Coal Co.*, Ky., 469 S.W.2d 550 (1971); *Ratliff v. Epling*, Ky., 401 S.W.2d 43 (1966); *Palmer v. Main*, 209 Ky. 226, 272 S.W. 736 (1925).

■ Thus, work-related travel has come to mean travel which is for the convenience of the employer as opposed to travel for the convenience of the employee. *See Brown v. Owsley*, Ky.App., 564 S.W.2d 843 (1978); *Howard D. Sturgill & Sons v. Fairchild*, Ky., 647 S.W.2d 796 (1983); *Farris v. Huston Barger Masonry, Inc.*, Ky., 780 S.W.2d 611 (1989); *Applegate v. Hord*, Ky., 373 S.W.2d 430 (1963); *Hall v. Spurlock*, Ky., 310 S.W.2d 259 (1957); *Turner Day & Woolworth Handle Co. v. Pennington*, 250 Ky. 433, 63 S.W.2d 490 (1933). Also, see this Court's recent opinion in the case of *Receveur Construction Co./Realm, Inc. v. Rogers*, Ky., 958 S.W.2d 18 (1997), for a more detailed recitation.

■ Even more appropriate to the case at bar is the idea that "[w]hen travel is a requirement of employment and is implicit in the understanding between the employee and the employer at the time the employment contract was entered into, then injuries which occur going to or coming from a work place will generally be held to be work-related and compensable, except when a distinct departure or deviation on a personal errand is shown." William S. Haynes, *Kentucky Jurisprudence, Workers' Compensation*, § 10–3 (revised 1990). *Also see Black v. Tichenor*, Ky., 396 S.W.2d 794 (1965), and *Handy v. Kentucky State Highway Dep't*, Ky., 335 S.W.2d 560 (1960).

■ Herein, the ALJ stated the applicable standard regarding the service to the employer exception to the going and coming rule. However, he made a legal error when conducting his analysis with respect to the facts herein. Specifically, the ALJ narrowly focused on whether claimant was providing a service to the employer by going home to complete the necessary paperwork. However, the evidence of record reflected that the very nature of the employment encompassed

claimant's travel to and from patients' homes as "travel" was a part of the services being offered by the employer to its clients.

Said otherwise, although the employer did not provide transportation and claimant was required to find her own mode of conveyance, "travel" was necessitated by, and in furtherance of, the business interests of the employer, and was an essential element required for completion of the essence of claimant's assignments. Therefore, it is clear that claimant was providing a service to the employer at the time of the incident and, hence, that this situation fell within the service to the employer exception to the going and coming rule of noncompensability.

In addition, the employer's allegations that this is merely another "commuter-type" situation is without merit. Typically, a worker is not performing any service for the employer, or furthering the employer's interests, by merely traveling to and from the job site in order to be part of the work force. However, this is not a case where the employer's business did not benefit, and claimant's employment relationship did not begin, until she reached a particular job site. Rather, driving to and from the patients' homes was a part of her job responsibilities as it was incident to the employer's enterprise. Specifically, as the very character of the employer's services included sending a health care provider to the patients' homes, claimant's travel was occasioned by the very purpose of the employer's business. Therefore, we agree with the Court of Appeals that travel was an integral and necessary part of the employment relationship herein.

Furthermore, we agree with the Court of Appeals that the evidence regarding where and when claimant was suppose to complete the required paperwork is a collateral matter and is irrelevant to the question of whether claimant was performing a service for the employer, by traveling to and from the patient's home, on the date in question. Namely, the service to the employer, as discussed above, was not that claimant was allegedly returning home to complete the required paperwork, but that the travel, in and of itself, served the interests of the employer. There-fore, we will give no further attention to this issue as it is not outcome determinative.

Hence, as the evidence compelled the conclusion that a service was being performed for the employer during claimant's travel on the date in question, the vehicular accident was necessarily work-related, and the ALJ erred by applying the going and coming rule of noncompensability and dismissing the action.

Accordingly, the decision of the Court of Appeals is hereby affirmed and this matter is remanded to the ALJ for further findings consistent with this opinion.

All concur.