# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: JUNE 14, 2018
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2017-SC-000620-WC

DATE 7/6/18 Kim Redmon, DC

FIRST CLASS SERVICES, INC.                                      APPELLANT


ON APPEAL FROM COURT OF APPEALS
V.                      CASE NO. 2016-CA-001367
WORKERS' COMPENSATION BOARD NO. 12-WC-60799


GURAL W. HENSLEY;                                              APPELLEES
HON. OTTO D. WOLFF, IV,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD


## MEMORANDUM OPINION OF THE COURT

## AFFIRMING


## Factual and Procedural Background

Appellee, Gural Hensley, was an over-the-road truck driver employed by Appellant, First Class Services, Inc., a trucking company whose employees haul trailers of hazmat, dry bulk, and liquid tank loads interstate. To ensure product quality, tank trailers hauled by First Class employees must be thoroughly cleaned after each delivery prior to the next product being loaded. After a delivery, Hensley routinely brought his truck with the dirty trailer tank to Derby City Tank Wash in Louisville, where he left the tank to be cleaned before returning to Frankfort for another load.

Because Hensley lived 30 to 40 miles away from the First Class terminal in Lewisport, Kentucky, he was permitted to keep his truck and trailer at his residence in English, Indiana. Hensley began and ended his routes from home.

On November 14, 2012, Hensley informed James Craig, his dispatcher, and Randy Cutrell, Vice-President of First Class, that he was feeling ill during a delivery route. On November 15, Hensley brought his dirty trailer tank to Derby City Tank Wash after his delivery. He was scheduled to take the clean tank back to Frankfort for a new load, then on to Oklahoma.

However, due to his illness, First Class determined that Hensley should not finish his dispatch. Instead, another driver was sent with a different truck to pick up the clean tank and take it to Frankfort for the new load. Hensley was sent home in his truck with no trailer attached, which is known in the industry as "bob-tailing."

While "bob-tailing" home, Hensley's truck went off the road in Crawford County, Indiana and struck a tree. Hensley sustained multiple injuries and filed a workers' compensation claim on February 8, 2013.

Initially, the ALJ found in Hensley's favor, finding, *inter alia*, that Hensley's travel to store his truck at home qualified for the "service or benefit to the employer" exception. Hensley put less mileage on the truck and was able to leave for dispatches earlier without driving the extra 30 to 40 miles to-and-from the terminal in Lewisport. Because keeping the truck at his residence was of "some benefit" to First Class, Hensley's travel to and from home with his truck was within the scope of his employment. However, the

2

ALJ did not find that Hensley qualified for the "traveling employee" exception. Both parties appealed the ALJ's decision.

On appeal, the Board affirmed the ALJ in part and reversed in part. The Board found that, in addition to qualifying for the "service or benefit to employer" exception, Hensley's accident and consequential injuries were work-related under the "traveling employee" exception. The Board stated that, as in *Gains Gentry Thoroughbreds/Fayette Farms v. Mandujano*, 366 S.W.3d 456, 462-63 (Ky. 2012), Hensley's injuries occurred during the "necessary and inevitable" act of returning from the journey he undertook on behalf of his employer. First Class appealed to the Kentucky Court of Appeals pursuant to Section 111 of the Kentucky Constitution and KRS 342.290, which affirmed the Board's decision.

**Analysis**

Appellate review of Board rulings strictly concerns whether the Board's Final Order was: (1) based on a correct interpretation of the law, and (2) reasonable under the evidence. *Fortney v. Airtran Airways, Inc.*, 319 S.W.3d 325, 328 (Ky. 2010). Appellate courts will only disturb a Board decision that is reasonable under the evidence "to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 688 (Ky. 1992).

"When the decision of the fact-finder favors the person with the burden of proof, his only burden on appeal is to show that there was *some evidence of*

3

*substance* to support the finding, meaning evidence which would permit a fact-finder to reasonably find as it did." *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986) (emphasis added). "In order to reverse the finding of the Board, the claimant, who has the burden of proof, must present evidence that is so overwhelming as to compel a finding in his favor." *Howard D. Sturgill & Sons v. Fairchild*, 647 S.W.2d 796, 798 (Ky. 1983) (citing *Old Republic Ins. Co. v. McCarty*, 599 S.W.2d 163 (Ky. 1980)).

A compensable "injury" under the Workers' Compensation Act must have resulted from a work-related occurrence "arising out of and in the course of employment . . . ." KRS 342.0011(2). The going and coming rule states that, "[w]here an employee is traveling between his home and the place of employment and is not performing some special service or benefit for his employer, his injuries are not sustained in the course of his employment." *Fairchild*, 647 S.W.2d at 797 (citing *Brown v. Owsley*, 564 S.W.2d 843 (Ky. 1978)). "The rationale supporting the rule is that perils encountered during travel to and from work are no different from those encountered by the general public and, thus, are neither occupational nor industrial hazards for which the employer is liable." *Fortney*, 319 S.W.3d at 328 (internal citations omitted).

However, this Court has addressed several exceptions to the going and coming rule, including the "service or benefit to the employer" exception, *see id.* at 329-30, and the "traveling employee" doctrine. *See Mandujano*, 366 S.W.3d at 462. Although only one exception to the going and coming rule is needed, the following analysis demonstrates that both are satisfied in the case at bar.

4

## A. *Traveling Employee Exception*

"[T]he traveling employee doctrine considers an injury that occurs while the employee is in travel status to be work-related unless the worker was engaged in a significant departure from the purpose of the trip." *Id.* Travel status applies to "[e]mployees whose work entails travel away from the employer's premises." *Black v. Tichenor,* 396 S.W.2d 794, 797 (Ky. 1965). Accordingly, traveling employees perform within the scope of their employment "continuously during the trip, except when a distinct departure on a personal errand is shown." *Id.*

Here, the Board held that Hensley's return trip to his residence was a "necessary and inevitable" act of completing his travel, undertaken as a First Class employee. The Board found that "[s]ometimes [Hensley] brought a trailer home with him, and sometimes he did not." Further, the Board stated that "a mere deviation from his usual employment due to an illness [does] not negate the fact Hensley was still working until he returned home." So, it was not a distinct departure from his duties to be driving the truck home without a trailer. Thus, the Board concluded that Hensley's accident fell within the traveling employee exception.

## B. *Some Service or Benefit to the Employer Exception*

"The rule excluding injuries that occur off the employer's premises, during travel between work and home, does not apply if the journey is part of the service for which the worker is employed or otherwise benefits the employer." *Fortney,* 319 S.W.3d at 329. Hence, driving and other forms of

5

movement required to complete an employee's duties are covered if they provide some benefit or service to the employer.

Here, the ALJ's recommendation and the Board's final order both described Hensley's storage of his truck and trailer at his residence as being of "some benefit" to First Class. Among the benefits listed were that less mileage was put on the truck and it allowed Hensley to spend more time on the road.

### C. *Applying the Exceptions*

Substantial evidence supports the Board's findings that Hensley's storage of the company truck at his home was of benefit to First Class, and that Hensley was a traveling employee. Therefore, the reviewing court was bound by the record. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985). Accordingly, the Court of Appeals properly deferred to the Board's findings, which were based upon evidence of substance, as to the applicability of those two exceptions. Finding no legal error, the Court of Appeals appropriately affirmed the Board's Final Order.

### Conclusion

For the reasons stated herein, we hereby affirm the decision of the Court of Appeals.

All sitting. All concur.

6

COUNSEL FOR APPELLANT:

Richard Christion Hutson
WHITLOW, ROBERTS, HOUSTON & STRAUB, PLLC


COUNSEL FOR APPELLEE:

Paul Allen Brizendine
BRIZENDINE LAW OFFICE, LLC