# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: DECEMBER 13, 2018
NOT TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

### 2017-SC-000230-WC

DATE 1/3/19 Kim Redmon, DC

DR. LARRY W. LYNN                                                     APPELLANT

ON APPEAL FROM COURT OF APPEALS
CASE NO. 2016-CA-001334-WC
V.                       WORKERS' COMPENSATION BOARD
NO. 09-WC-82990

DOTTIE RAMEY;                                                         APPELLEES
HON. STEVEN G. BOLTON,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

In 2010, Dottie Ramey (Ramey), was working for a dentist, Dr. Larry W. Lynn, in Pike County, Kentucky. Her employment included various clerical and manual labor tasks. Sometimes she helped Dr. Lynn while he treated patients. While mopping a floor at work on January 13, 2009, Ramey began to fall. In the process of trying to catch herself, Ramey injured both shoulders, her back, left hip, and both knees. Ramey also alleges that she suffered emotional and psychological injury.

Ramey filed her Form 101 on July 27, 2010, wherein she described the January 13, 2009 incident that caused her injuries. The Administrative Law Judge (ALJ) considered testimony from Ramey and multiple physicians who either treated or assessed Ramey after her injury. As a result, the ALJ awarded Ramey permanent partial disability (PPD) benefits. Because the ALJ also determined that Ramey did not retain the physical capacity to return to the type of work that she performed prior to her injury, he enhanced her PPD benefits by a multiple of three, pursuant to Kentucky Revised Statute (KRS) 342.730(1)(c).

Dr. Lynn appealed to the Workers' Compensation Board (Board), which unanimously reversed the ALJ's decision and remanded for the ALJ to apply the holding in *Fawbush v. Gwinn*, 103 S.W.3d 5 (Ky. 2003), which discusses the proper application of KRS 342.730(1)(c). Dr. Lynn appealed to the Court of Appeals, which agreed with the Board's opinion, and thus remanded the case to the ALJ.

On remand, the ALJ again ruled in Ramey's favor. Dr. Lynn appealed. The Board agreed that the order was deficient and again remanded the case for a proper *Fawbush* analysis. After issuing a second order on remand in favor of Ramey, Dr. Lynn appealed yet again. This time, the Board affirmed the ALJ, which was also affirmed by the Court of Appeals. Dr. Lynn now appeals to this Court. Having reviewed the record and the law, we affirm the Court of Appeals.

## Standard of Review

In order to reverse, we must determine that the ALJ's findings were "so unreasonable under the evidence that it must be viewed as erroneous as a matter of law." KRS 342.285; *Ira A. Watson Department Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000). This is clearly a difficult standard to satisfy.

## Analysis

The only issue on appeal is whether the ALJ erred in applying KRS 342.730(1)(c) which provides, in pertinent part, as follows:

> 1. If, due to an injury, an employee does not retain the physical capacity to return to the type of work that the employee performed at the time of injury, the benefit for permanent partial disability shall be multiplied by three (3) times the amount otherwise determined under paragraph (b) of this subsection, but this provision shall not be construed so as to extend the duration of payments; or
>
> 2. If an employee returns to work at a weekly wage equal to or greater than the average weekly wage at the time of injury, the weekly benefit for permanent partial disability shall be determined under paragraph (b) of this subsection for each week during which that employment is sustained. During any period of cessation of that employment, temporary or permanent, for any reason, with or without cause, payment of weekly benefits for permanent partial disability during the period of cessation shall be two (2) times the amount otherwise payable under paragraph (b) of this subsection. This provision shall not be construed so as to extend the duration of payments.

As previously discussed, the ALJ determined that subsection one applies, thus multiplying Ramey's PPD benefits by a factor of three. By contrast, Dr. Lynn argues that subsection two applies, thus multiplying Ramey's PPD benefits by a factor of two. In applying this dichotomy, the *Fawbush* Court stated:

> [T]he ALJ based the decision to apply paragraph (c)1 upon a finding of a permanent alteration in the claimant's ability to earn

3

money due to his injury. The claimant's lack of the physical capacity to return to the type of work that he performed for Fawbush was undisputed. Furthermore, although he was able to earn more money than at the time of his injury, his unrebutted testimony indicated that the post-injury work was done out of necessity, was outside his medical restrictions, and was possible only when he took more narcotic pain medication than prescribed. It is apparent, therefore, that he was not likely to be able to maintain the employment indefinitely. Under those circumstances, we are convinced that the decision to apply paragraph (c)1 was reasonable.

*Fawbush*, 103 S.W.3d at 12.

We agree with the Court of Appeals that the ALJ correctly applied *Fawbush*. He clearly determined that Ramey could not continue to earn a wage that equaled or exceeded her pre-injury wage. It is also undisputed that two physicians diagnosed Ramey with psychological conditions that would impair her ability to function even in a sedentary setting. In addition, Dr. Anbu Nadar diagnosed Ramey with work-related chronic back pain and placed restrictions on her that could preclude even sedentary activities. Ramey also testified that she was unable to perform basic manual labor tasks such as lifting heavy objects. As noted by the Court of Appeals, her testimony regarding the nature of her injuries and inability to work is undisputed.

We acknowledge that Ramey did return to work for some time after the injury during which she earned her previous wage. That issue is aptly addressed by the ALJ in his Order Denying Petition for Reconsideration on January 5, 2016:

Recognizing that in this somewhat unique fact situation, [Ramey] did return to work at a weekly wage equal to the average weekly

4

wage at the time of injury, I also noted that she was not performing the same job functions, but rather was being induced by the employer to stay on for an indeterminate period of time in order to take advantage of her specialized knowledge of his office and its procedures.

Like in *Fawbush*, it appears that Ramey performed this temporary post-injury work "out of necessity . . . ." *Fawbush*, 103 S.W.3d at 12. We also note that the Board, in considering the ALJ's second order on remand, concluded that the ALJ "amply satisfied our request on remand" for findings in support of its conclusion. It is well-established that "[t]he Board, as the finder of fact, and not the reviewing court, has the authority to determine the quality, character and substance of the evidence." *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985). "The reviewing court must not substitute its judgment for that of the finder of fact." *Howard D. Sturgill & Sons v. Fairchild*, 647 S.W.2d 796, 798 (Ky. 1983). Finding no legal error, the Court of Appeals appropriately affirmed the Board's final order.

## Conclusion

For the reasons stated herein, we hereby affirm the decision of the Court of Appeals.

All sitting. All concur.


COUNSEL FOR APPELLANT:

James Gordon Fogle
FOGLE KELLER WALKER, PLLC


COUNSEL FOR APPELLEE:

John Earl Hunt

5