**PARAMOUNT FOODS, INC., Appellant,**

v.

**John BURKHARDT and Workers' Compensation Board, Appellees.**

Supreme Court of Kentucky.

June 13, 1985.

Rehearing Denied Sept. 26, 1985.

Timothy P. O'Mara, Kendrick R. Riggs, Middleton & Reutlinger, Louisville, for appellant.

Allen Weiss, David L. Waterman, Morris, Garlove, Waterman & Johnson, Louisville, for appellee.

WINTERSHEIMER, Justice.

This appeal is from an opinion of the Court of Appeals which reversed a judgment of the circuit court affirming the decision of the Workers' Compensation Board not to award permanent partial total disability benefits to Burkhardt.

The questions presented are whether the Court of Appeals applied the proper standard of review and whether the Court of Appeals invaded the province of the Workers' Compensation Board as to fact finding.

Burkhardt, age 63 and a 35-year employee at the time of the accident, fell into a large pickle tank and dislocated his right shoulder. After a brief hospitalization, he returned to work and continued to work for almost a year. At that time he was returned to the hospital for a shoulder manipulation. This procedure was successful, and he was released to return to work. Shortly thereafter, he decided to retire.

The Board awarded temporary total benefits, but denied any permanent partial or permanent total benefits based on the evidence. The circuit court upheld the decision of the Board. The Court of Appeals determined that the Board had attempted to overrule *Osborne v. Johnson*, Ky., 432 S.W.2d 800 (1968), and that all the evidence indicates that the claimant had suffered a permanent injury and sustained a loss to future earning capacity as a result of the injury. This Court then granted discretionary review.

■ This Court reverses the decision of the Court of Appeals because the wrong standard of review was applied to this situation. In order to reverse the findings of the Board unfavorable to a claimant, the evidence must be so overwhelming as to compel a finding in his favor of permanent occupational disability. *Howard D. Sturgill & Sons v. Fairchild*, Ky., 647 S.W.2d 796 (1983); *Wagoner v. Smith*, Ky., 530 S.W.2d 368 (1975).

Here the Court of Appeals limited its review of the Board's finding of fact to whether the decision and award was clearly erroneous. The Court of Appeals ignored the standard set out in *Sturgill, supra* that in order to reverse the finding of the Board, the claimant must present evidence that is so overwhelming as to compel a decision in his favor. The Court of Appeals chose some evidence over other in the record and made its own decision.

■ The Board, as the finder of fact, and not the reviewing court, has the authority to determine the quality, character and substance of the evidence presented to the Board. Here, the findings of the Board were based on evidence of substantial quality and the reviewing court is bound by the record. *Armco Steel Corp. v. Mullins*, Ky., 501 S.W.2d 261 (1973). The only medical evidence in the record is the testimony of the treating physician, Dr. Goddy. Lay testimony was presented by a department superintendent of the employer, the personnel director and a vocational counsellor. The employer introduced no medical evidence. The doctor testified that Burkhardt would be able to carry out most occupational duties with no limitations that are required in a reasonable amount of laboring work.

Burkhardt's supervisor testified that the job required less than 5 percent manual labor. As a group leader or working foreman Burkhardt was not required to do any of the physical work included with cleaning the tank or heading or unheading the tanks.

The physician testified that the rating of 10 percent permanent partial disability meant an anatomical or functional disabili-

**420**

ty and not the liberal "permanent" disability.

Burkhardt returned to his job shortly after the accident and continued to perform his work for almost a year before taking an eventual longevity retirement.

Although Dr. Goddy found Burkhardt to have a 10 percent functional disability, the evidence is not so overwhelming as to compel a finding that Burkhardt sustained a permanent disability or occupational loss.

It is well settled that a reviewing court may not substitute its judgment for that of the Board as a finder of fact. This case is remarkably similar to that of *Old Republic Insurance Co. v. McCarty*, Ky., 599 S.W.2d 163 (1980). In that case, this Court reversed the decision of the Court of Appeals because it substituted its opinion for that of the Board when it found that the claimant had suffered a permanent injury and sustained a loss of future earning capacity as a result of the injury.

The arguments presented by Burkhardt simply indicate a conflict of testimony between the claimant and his supervisor. The Board as a finder of fact had sufficient evidence to find that the job required less than 5 percent manual labor. Certainly there is nothing to compel a finding of permanent disability for this unsuccessful claimant.

The decision of the Court of Appeals is reversed and the judgment of the circuit court is reinstated.

All concur except LEIBSON, J., who concurs in result only.