# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$

FINAL

2014-SC-000723-WC

DATE 9-10-15 [illegible signature]

HAM BROADCASTING COMPANY, INC.     APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.     CASE NO. 2013-CA-001873-WC
WORKERS' COMPENSATION NO. 07-00182

ERIC ALEXANDER; ANTHEM
HEALTH PLANS OF KENTUCKY, INC.;
HONORABLE THOMAS G. POLITES,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD     APPELLEES

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

Appellant, Ham Broadcasting Company, Inc., appeals a Court of Appeals decision which affirmed an award of workers' compensation benefits granted to Appellee, Eric Alexander. Ham Broadcasting argues in its appeal that substantial evidence did not support: 1) the Administrative Law Judge's ("ALJ") award of temporary total disability ("TTD") benefits or 2) the ALJ's finding regarding the work-related causation of Alexander's injury. For the reasons set forth below, we affirm the Court of Appeals.

Alexander alleged that he sustained a work-related injury while employed by Ham Broadcasting as he and James Owens constructed a mount for a

satellite dish.  Alexander alleged that he strained his back while setting a steel pole for the dish in a concrete base.  Alexander testified that he provided notice to Ham Broadcasting the next day.[1]  Alexander returned to work after the incident and did not receive medical treatment for his injury until several months later.  He continued to work for Ham Broadcasting until injuries sustained in a motor vehicle accident, unrelated to his alleged work-related injury, led to his ultimate termination.  Ham filed a Form 101 for workers' compensation.

Alexander testified that prior to the alleged work-related injury he did not have any significant back problems.  He admitted that when he was incarcerated in Tennessee, he told correctional personnel that he had "crushed disks."  However, he also testified that he had never been diagnosed with "crushed disks" and only told them he suffered from that injury to obtain favorable treatment.  Alexander denied using a cane prior to the work-related incident.  Alexander testified that he did not seek medical treatment immediately after the alleged injury because he thought his pain would improve with time.  But he testified that he called into work the day after the injury and spoke with Melissa Noel and Donna Fincham regarding his injury.  Alexander stated that he does not believe that he can continue to perform the same type of work he did when he was injured and that he has pain in his legs.  Alexander submitted several emails which were sent between himself and

---

[1] Ham Broadcasting previously argued that Alexander failed to provide proper notice, but that issue is not before us.

2

Everett. Those emails are in pertinent part as follows:

> February 16, 2005 (11:15 a.m.) Everett: "How's the back today. Since I haven't seen you, I hope its [sic] not worse. Question? Were you per chance in my email yesterday or last night? I shut it down last night, but when I came in this morning, it was closed but when I opened it, there were a number of unread messages that that [sic] already downloaded."
>
> February 16, 2005 (12:31 p.m.) Alexander: "Howdy, It started out really good – BUT, in a short while it was worse. (ARRGGHH!!!) No, I haven't been in your machine lately. I did some backup and updating last week, nothing since then. Should I lock it down some more?"
>
> February 16, 2005 (1:36 p.m.) Everett: "Glad you felt better and sorry you are feeling worse. Maybe a couple of days rest for the old back are in order. Beth had left me with the following items for you to accomplish while she's gone, so at whatever time you get to feeling better, here's her 'to do list.' . . . Keep in touch with me on how you are feeling."
>
> February 16, 2005 (5:27 p.m.) Everett "I was just cleaning off my desk and found the foundation info for the satellite dish. It says a 5 inch post. The day we poured, you said it was a 6 inch post. I hope your memory was off; otherwise we have a real problem."

D.J. Everett, president of Ham Broadcasting, testified that he did not know Alexander suffered a work-related injury until he received the Form 101. Everett did not recall Alexander previously suffering from back problems, but did believe Alexander would use a cane from time to time for a leg problem. Noel, an executive assistant for Ham Broadcasting, testified that she did not recall Alexander telling her he suffered from a work-related injury, but did remember several conversations about his back problems. Owens, the independent contractor who helped Alexander work on the satellite dish, testified Alexander hurt himself while setting the pole and that he had difficulty walking the next day.

3

On January 15, 2007, Dr. Robert Merriweather recommended that Alexander be placed off work until he could be seen by Dr. Daniel Keck, a pain management specialist. Dr. Frederick Huffnagle found that Alexander suffered from an annular tear as a result of a work-related injury, which eventually causes problems with nerve root compression. Dr. Huffnagle assigned Alexander a 10% impairment rating and believed he should not lift more than twenty-five pounds. Dr. Sean McDonald also assessed a 10% impairment rating for Alexander on January 17, 2008. Treatment notes from Mary James, the nurse practitioner, who originally treated Alexander, were filed in the record.

Ham Broadcasting submitted the report of Dr. Thomas Loeb. Dr. Loeb initially believed that Alexander's back problem was partially caused by a work-related injury. However, in a later deposition, Dr. Loeb changed his mind and stated that he was no longer convinced a work-related injury contributed to Alexander's back problem. Dr. Loeb then believed Alexander suffered from a long term progressive degenerative condition.

The ALJ, after a review of the evidence, made the following finding:

> The difficult question that remains is whether this serious low back condition is related to the alleged work incident. Having reviewed and considered the entirety of the medical and lay proof, the ALJ is persuaded by the testimony of the claimant, the testimony of James Owen, the e-mail communications between [Alexander] and the employer personnel, the lack of any medical record documentation of a pre-existing active condition, the medical records of Mary James which contain a history of the work injury, and the medical testimony of Dr. Huffnagle and Dr. Loeb, that [Alexander] has met his burden of proving that his low back condition is causally related to his alleged work injury and as such

4

the ALJ concludes [Alexander] has suffered an injury as defined under the Kentucky Workers' Compensation Act.

The ALJ also found that Alexander was entitled to TTD benefits for the period of time starting from when Dr. Meriwether placed him off work until Dr. McDonald assessed an impairment rating pursuant to the AMA *Guides*. The ALJ inferred that since the *Guides* do not allow an impairment rating to be assigned until the claimant is at maximum medical improvement ("MMI"), Dr. McDonald must have believed Alexander was at MMI when he assigned the rating on January 17, 2008. Alexander was awarded workers' compensation benefits accordingly.

A petition for reconsideration was filed and sustained to correct an error in the calculation of Alexander's permanent partial disability ("PPD") benefits. All other aspects of the petition were denied. The Board affirmed the ALJ's opinion and award in part, but vacated the award of PPD benefits and remanded the matter for a *Fawbush v. Gwinn*, 103 S.W.3d 5 (Ky. 2003), analysis. The Court of Appeals affirmed, and this appeal followed.

The function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). The ALJ, as fact-finder, has sole authority to determine the weight, credibility, and inferences to be drawn from the evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985). The ALJ

5

is given broad discretion to weigh the quality and substance of the evidence. *Square D Co. v. Tipton*, 862 S.W.2d 308, 309 (Ky. 1993). When conflicting evidence is presented, the ALJ may choose whom and what to believe. *Pruitt v. Bugg Brothers*, 547 S.W.2d 123, 124 (Ky. 1977). Keeping these standards in mind, we affirm the Court of Appeals.

## I. THE AWARD OF TTD BENEFITS IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Ham Broadcasting's first argument is that the ALJ's award of TTD benefits is not supported by substantial evidence. Ham Broadcasting argues that while Dr. Meriwether did take Alexander off work until Dr. Keck could evaluate him, there is no evidence that Alexander was restricted from working after that evaluation was made. Ham Broadcasting also contends that Dr. Loeb's finding that Alexander had not reached MMI is erroneous because he based that conclusion on his belief Alexander should undergo surgery. Ham Broadcasting states that a doctor cannot find a patient has not reached MMI just because the patient does not undergo recommended procedures.

A review of the evidence supports the ALJ's award of TTD benefits. Dr. Meriwether placed Alexander off work and Alexander continued to receive back treatments for the duration of the year. The treatment records do not indicate that Alexander was cleared to return to work prior to the date Dr. McDonald found he reached MMI. The ALJ was free to infer that Alexander remained off of work during that period based on Dr. McDonald's notation that Alexander "really wanted to get back to work," implying that he could not return to

6

employment. Further, despite Ham Broadcasting's argument, the ALJ did not rely on Dr. Loeb's opinion regarding MMI. The ALJ only stated that the finding of TTD "must be viewed in light" of Dr. Loeb's opinion. Substantial evidence supports the award of TTD benefits.

## II. THE ALJ'S FINDING REGARDING CAUSATION IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Ham Broadcasting's other argument is that the ALJ's finding that Alexander's back problems were caused by a work-related injury is not supported by substantial evidence. Ham Broadcasting notes that Dr. Loeb changed his mind about whether Alexander's back condition was caused by a work-related injury in his deposition and cites that as proof the ALJ's findings are unsupported by the record. While Dr. Loeb's deposition testimony does shed doubt on his original findings, the ALJ has broad discretion to decide questions of causation, and he may believe or disbelieve various parts of the evidence. *Dravo Lime Co. v. Eakins*, 156 S.W.3d 283, 289 (Ky. 2005). Thus, the ALJ did not abuse his discretion in finding Dr. Loeb's original report credible and relying on it instead of his deposition testimony.

Further, the ALJ did not rely solely on Dr. Loeb's opinion in making his findings. The ALJ was also persuaded by Alexander and Owens's testimony, the medical opinion of Dr. Huffnagle, and nurse practitioner James. This constitutes substantial evidence to support the ALJ's findings, even if Dr. Loeb's opinion is completely disregarded.

7

For the above stated reasons, we affirm the decision of the Court of Appeals.

All sitting.  All concur.

COUNSEL FOR APPELLANT,
HAM BROADCASTING COMPANY, INC.:

Samuel J. Bach

COUNSEL FOR APPELLEE,
ERIC ALEXANDER:

James Edward Adams, II

COUNSEL FOR APPELLEE,
ANTHEM HEALTH PLANS OF KENTUCKY, INC.:

Gene Forrest Price