# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: OCTOBER 29, 2015
NOT TO BE PUBLISHED

**Supreme Court of Kentucky**

FINAL

2015-SC-000012-WC

DATE 11-19-15 EnitGroup P.C

SMITHKLINE BEECHAM                                                    APPELLANT


|         | ON APPEAL FROM COURT OF APPEALS        |
| V.      | CASE NO. 2014-CA-000465-WC             |
|         | WORKERS' COMPENSATION NO. 98-96409     |


MICHAEL SMITH;
HONORABLE THOMAS G. POLITES,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                           APPELLEES


### MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, SmithKline Beecham, appeals a Court of Appeals decision arguing that the Administrative Law Judge ("ALJ") erred by finding in favor of Michael Smith in a medical fee dispute. The ALJ denied SmithKline's motion to reopen because he found that Smith's Post Traumatic Stress Disorder ("PTSD") was causally related to his work-related injury and that his treatment was reasonable and necessary. For the below stated reasons, we affirm the Court of Appeals.

On June 16, 1997, Smith was injured in a motor vehicle accident while working for SmithKline. As a result, Smith suffered a significant injury to his spine which required multiple spinal fusions. He has ongoing physical pain to

this day. Smith filed a workers' compensation claim for the injuries sustained in the accident. SmithKline and Smith reached a settlement which was approved by an ALJ on October 27, 2003. As a part of the settlement, Smith retained all rights regarding future medical care for the lumbar and cervical spine injuries and psychological problems.

On December 23, 2009, SmithKline filed a motion to reopen contesting payments for Smith's treatment for PTSD. SmithKline argued that Smith's PTSD was caused by childhood abuse and trauma and was not work-related. When Smith has a PTSD episode he relives abuse he suffered as a child. Thus, SmithKline argued that it was not responsible to pay for the medical care and treatment related to the PTSD per KRS 342.020(1). SmithKline also alternatively argued that Smith's treatment was not reasonable and necessary. At the time the motion was filed, Smith was being treated with multiple medications, including narcotics, and was attending weekly therapy sessions. Along with its motion to reopen, SmithKline presented the medical opinions of Dr. Timothy Kriss and Dr. Timothy Allen, both of which believed Smith's treatments were excessive. Dr. Allen specifically believed that Smith's PTSD was not caused by the motor vehicle accident. Smith filed reports by his treating physicians: Dr. Denise Winland; Dr. Brian Monsma; and Dr. Kelly Frogge to rebut SmithKline's experts.

The ALJ, after a review of the evidence, resolved the medical fee dispute in Smith's favor. The ALJ made the following findings:

> Having reviewed and considered the entirety of the medical testimony on this issue, the ALJ is persuaded by the testimony of

2

Dr. Winland and Dr. Monsma that [Smith's] PTSD is causally related to his work injury and the employer shall be responsible for payment for treatment of this condition. The ALJ is persuaded by the testimony of Dr. Monsma that [Smith] successfully repressed and suppressed his PTSD symptoms prior to his work injury but that his experience of chronic, uncontrolled pain and the loss of productive life activity due to the work injury have brought his PTSD symptoms into clinical reality. Further, the ALJ is persuaded by the testimony of Dr. Winland that the PTSD was activated at the time of the work injury and [Smith's] experience of chronic pain thereafter due to his inability to compensate using his normal coping skills which had been sufficient to that point but that the pain from the work injury acted as a trigger to reactivate traumatic memories. Even Dr. Allen acknowledged there may be an indirect relationship between the work injury and the PTSD although he felt the accident was not directly causative of the PTSD. In sum, the ALJ believes Dr. Winland and Dr. Monsma are more credible on this issue and [Smith's] PTSD is hereby determined to be causally related to his work injury.

. . .

[A]s to the weekly counseling sessions of Dr. Monsma, the ALJ is persuaded by his testimony that the sessions are providing a significant benefit to [Smith] and therefore they are found to be reasonable and necessary as well. The ALJ is not persuaded by the testimony of Dr. Allen that psychological counseling should be ended after an additional 20 visits with only semiannual sessions to follow. Given the severity of [Smith's] psychiatric condition the ALJ believes Dr. Monsma's regular counseling and psychotherapy sessions are reasonable and if Dr. Monsma believes it is appropriate, reasonable and safe to reduce the frequency of the sessions he can do so, but such a change will not be mandated in this proceeding.

SmithKline appealed to the Workers' Compensation Board ("Board") which affirmed the ALJ's opinion and order because substantial evidence supported his findings and conclusions. The Court of Appeals also affirmed, and this appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992).

3

Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* The ALJ, as fact-finder, has the sole discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt,* 695 S.W.2d 418 (Ky. 1985). For the below stated reasons, we affirm the Court of Appeals.

SmithKline first argues that Smith's PTSD is not related to the motor vehicle accident he was involved in while in their employ. SmithKline notes that KRS 342.0011(1) provides that an injury "shall not include a psychological, psychiatric, or stress-related change in the human organism, unless it is a direct result of a physical injury." SmithKline argues that since Smith's symptoms are not related to the motor vehicle accident but stem from his childhood abuse, his PTSD is not a direct result of his physical injury. SmithKline cites to *Kubajak v. Lexington-Fayette County Government,* 180 S.W.3d 454 (Ky. 2005), as support that PTSD is only compensable when caused by a physical injury.

However, the ALJ found that the medical opinions from Smith's treating physicians, Drs. Winland and Monsma, were more persuasive than SmithKline's experts. Drs. Winland and Monsma believed that the pain Smith

experiences due to his spinal injuries caused by the motor vehicle accident bring his latent PTSD into clinical reality. The ALJ did not abuse his discretion by finding the opinions of Smith's treating physicians to be more persuasive than the evidence presented by SmithKline. Substantial evidence supports the ALJ's opinion and order.

In finding that the ALJ's opinion and order is supported by substantial evidence, we distinguish this matter from *Kubajak*. In that case, a police officer who was experiencing PTSD due to the repeated viewing of gruesome crime scene photos had his application for workers' compensation denied because he did not suffer any actual physical injury. *Id.* at 460. Unlike that case, in this matter, Smith suffered severe spinal injuries which still cause him pain and trigger his PTSD episodes. Smith suffered an actual physical injury and therefore the ALJ could find that Smith's PTSD stems from the work-related incident.

SmithKline also argues that if Smith's PTSD is found to be caused by the motor vehicle accident, then his treatment is not reasonable and necessary. SmithKline contends that the weekly counseling sessions Smith attends are not reasonable and necessary because he has become dependent on them and has not developed the coping skills to deal with his PTSD. SmithKline believes that Smith should be weaned off of therapy and medications with the goal of increasing his independence.

Again, the ALJ found that the opinions of Smith's treating physicians were more persuasive than the experts presented by SmithKline regarding the

5

treatments. Smith's physicians believe that his current treatments are effective and that it would be detrimental to change them at this time. The ALJ was within his discretion in so finding. The ALJ's findings are supported by substantial evidence and shall not be disturbed on appeal.

For the above stated reasons, we affirm the decision of the Court of Appeals.

All sitting. Minton, C.J.; Abramson, Barber, Cunningham, Noble, and Venters, JJ., concur. Keller, J., concurs with the majority opinion but writes separately to acknowledge that we are recognizing with this opinion the compensability of a pre-existing dormant psychological condition that has been aroused into disabling reality by a physical injury.

COUNSEL FOR APPELLANT,
SMITHKLINE BEECHAM:

Jo Alice Van Nagell
Lori Vanhoose Daniel

COUNSEL FOR APPELLEE,
MICHAEL SMITH:

Ben Thomas Haydon, Jr.

6