# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: MARCH 17, 2016
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2015-SC-000376-WC

FORD MOTOR COMPANY (LAP)                                           APPELLANT

                       ON APPEAL FROM COURT OF APPEALS
V.                             CASE NO. 2015-CA-000254-WC
                     WORKERS' COMPENSATION NO. 14-00422

ROSS A. BURT;
HONORABLE STEVEN G. BOLTON,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                         APPELLEES

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, Ford Motor Company (LAP), appeals a Court of Appeals decision which affirmed a workers' compensation award entered in Appellee, Ross A. Burt's favor. Ford argues that the Administrative Law Judge ("ALJ") erred by assigning Burt a 19% impairment rating for work-related injuries to his upper extremities and that there was not substantial evidence to support a finding that Burt was entitled to have his benefits enhanced by the three multiplier. KRS 342.730(1)(c)1. For the below stated reasons, we affirm the Court of Appeals.

Burt has been employed by Ford since 1995. In December 2001, he was assigned to a position called the right-handed speaker job. This job required

Burt to install a plastic cover over a metal piece on a right passenger door. To ensure the cover was properly seated, he had to hit it with his left hand. Burt began to develop problems with his left index and pinky finger around March or April 2012. He visited Ford's medical clinic who told him that his pain was not work-related. Burt's condition continued to worsen and he began to develop problems with his right upper extremity. Burt continued to work in the right-handed speaker job until July 2012, when he transferred to a different position.

On August 23, 2012, Burt was examined by Dr. Christopher Shields. Dr. Shields informed Burt that his pain was caused by his employment at Ford. Ultimately, Burt underwent surgery on his upper right extremity on October 9, 2012, and was placed off of work until January 15, 2013. Burt filed for workers' compensation.

Burt testified in a deposition that, although he is better, he continues to experience numbness in his right pinky finger. He also continues to have pain in his left hand and wrist. Burt is able to perform the job tasks in his current position with Ford, but does not believe he maintains the physical ability to work in the right-handed speaker job again.

Burt submitted medical records from the Ford Clinic, Norton Immediate Care Center, Dr. Shields, Dr. Vasudeva Iyer, Dr. James McKiernan, and Dr. Todd Shanks in support of his claim. He also submitted a report dated January 6, 2014, from Dr. Warren Bilkey. Dr. Bilkey diagnosed Burt with bilateral ulnar neuropathy injuries at the elbow, ulnar decompressive surgery

2

on the right, and residual neuropathy of both extremities. Dr. Bilkey believed all of Burt's symptoms were work-related and found that Burt is unable to carry out the full range of his pre-injury work duties. He believed that Burt reached maximum medical improvement ("MMI") and assessed a 19% impairment rating pursuant to the AMA *Guides*, 5th Edition.

Ford introduced multiple medical records showing Burt's prior history of medical problems. Ford also introduced a report by Dr. Richard DuBou, who evaluated Burt at its request on June 19, 2014. Dr. DuBou diagnosed Burt as status post ulnar nerve release and sub muscular transposition, and left cubital tunnel syndrome – severe electrically, mild on clinical examination. Dr. DuBou did not believe Burt had a specific work injury or an impairment rating due to a work-related condition. A later supplemental report by Dr. DuBou assessed Burt with a 5% impairment rating pursuant to the AMA *Guides* for conditions that are not work-related.

After a review of the evidence, the ALJ found that Burt suffered a work-related injury which manifested itself on August 23, 2012, when Dr. Shields informed him that his pain was work-related. The ALJ found Dr. Bilkey's opinion more persuasive than Dr. DuBou's opinion and assigned Burt a 19% impairment. He also awarded Burt the three multiplier. However, the ALJ did not conduct a *Fawbush v. Gwinn*, 103 S.W.3d 5 (Ky. 2003) analysis because he did not believe the two multiplier was applicable since Burt did not return to the same or higher rate of pay after his work-related injury. Ford filed a

3

petition for reconsideration which was denied. The Board and Court of Appeals affirmed, and this appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* The ALJ, as fact-finder, has the sole discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985). For the below stated reasons, we affirm the Court of Appeals.

Ford first argues that the ALJ erred by relying on Dr. Bilkey's opinion to find that Burt had a 19% impairment for his upper extremities. Ford argues that the ALJ should have used Dr. DuBou's evaluation because it was performed about six months after Dr. Bilkey's evaluation. Since Dr. DuBou's evaluation is newer, Ford contends it reflects medical improvement that Burt has made. Thus, Ford believes Dr. DuBou's opinion is more indicative as to Burt's current impairment and that since Burt has returned to work, Dr. DuBou's assessed impairment rating of 5% more accurately reflects Burt's

4

current level of functioning. Ford also states that it believes Dr. Bilkey erred by providing an impairment rating for decreased range of motion.

The ALJ did not abuse his discretion by choosing to rely on the impairment rating assessed by Dr. Bilkey. Dr. Bilkey provided sufficient evidence and analysis to support the 19% impairment rating he assigned Burt. While Ford contends that Dr. Bilkey did not properly use the AMA *Guides*, it did not cross examine him as to how he arrived at the 19% impairment rating. Further, the fact that Dr. DuBou performed his examination after Dr. Bilkey, does not discredit Dr. Bilkey's findings. We also note that Dr. DuBou's impairment rating was for a condition that he found to be not work-related. The ALJ reasonably relied on the impairment rating assessed by Dr. Bilkey, and his decision will not be disturbed.

Ford's second argument is that the ALJ erred by applying the triple multiplier to Burt's award. Ford argues that the record shows that Burt can return to the right-handed speaker job but instead voluntarily chose to transfer to a different department. Ford also contends that since Burt earns a greater hourly rate now than before his injury, the two multiplier could be applied and thus a *Fawbush* analysis should have been performed. We disagree.

The ALJ's determination that Burt cannot return to his pre-injury job is supported by substantial evidence. Burt suffers from impairments to his right and left arms which reasonably would prevent him from performing some of the tasks required in the right-handed speaker job. Specifically, there is evidence that Burt should not engage in work that requires him to repetitively

5

extend and flex his elbow. The evidence in the record indicates that the right-handed speaker job requires frequent elbow[1] and upper extremity movement. Additionally, Dr. Bilkey found that Burt could not perform his pre-injury work tasks. The ALJ's finding that Burt is eligible for the three multiplier is supported by substantial evidence.

Further, the ALJ's finding that the two multiplier is not applicable is also supported by the record. As stated by the Board in this matter:

> In *Ball v. Big Elk Creek Coal Co., Inc.*, 25 S.W.3d 115, 117-118 (Ky. 2000), the Supreme Court of Kentucky explained, for purposes of KRS 342.730(1)(c)2, an employee's post-injury AWW is subject to calculation under KRS 342.140, using the same method employed to determine a claimant's pre-injury AWW. Therefore, the analysis must focus on the worker's AWW, not simply his hourly pay rate. *Id.* at 117. This reaffirms the previous holding in *Whittaker v. Robinson*, 981 S.W.2d 118 (Ky. 1998), where the Court 'rejected the argument that the worker's pre-injury and post-injury hourly pay rate should be compared and concluded that the legislature intended for a comparison of the pre- and post-injury average weekly wage." Id.

> Therefore, for an employee who is paid hourly, as Burt, his post-injury AWW must be calculated pursuant to KRS 342.140(1)(d) to determine whether there has been a return to work at a higher wage. This calculation requires an analysis of Burt's earnings over a fifty-two week period, and identification of his 'best' quarter. We are satisfied the ALJ conducted the appropriate analysis required by *Ball* [] and reached a result supported by substantial evidence in determining that Burt had not returned to the same or higher wages. Therefore, the ALJ's application of the three multiplier will not be disturbed.

---

[1] We note that a doctor working for Ford observed Burt working in the right handed speaker job and found that it did not require frequent left elbow movement. However, she did not comment on how much right elbow movement was required.

For the above stated reasons, we affirm the decision of the Court of Appeals.

All sitting. All concur.

COUNSEL FOR APPELLANT,
FORD MOTOR COMPANY (LAP):

George T. Kitchen, III

COUNSEL FOR APPELLEE,
ROSS A. BURT:

Derek Patrick O'Bryan