# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$\mathfrak{Supreme\ Court\ of\ Kentucky}$

FINAL

2015-SC-000184-WC

DATE 3-10-16 Carol Coleman DC

PERRY COUNTY COAL CORPORATION                                    APPELLANT


ON APPEAL FROM COURT OF APPEALS
V.                          CASE NO. 2014-CA-001365-WC
WORKERS' COMPENSATION NO. 12-01742


JERRY TAYLOR;
HONORABLE EDWARD D. HAYS,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                      APPELLEES


**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

Appellant, Perry County Coal Corporation, appeals a decision of the

Court of Appeals which upheld a workers' compensation award for a

cumulative trauma injury granted to Appellee, Jerry Taylor.  Perry County

argues that the Administrative Law Judge's ("ALJ") finding that Taylor had a

compensable injury is not supported by substantial evidence of a change in the

human organism.  For the below stated reasons, we affirm the Court of

Appeals.

Taylor was employed as an underground coal miner for thirty-nine years. He was employed by Perry County from 2001 to September 7, 2012,[1] when he terminated his employment. Taylor quit his job on that date because his chiropractor, Dr. Chad Morgan, advised him that stopping work would improve the ongoing pain in his neck and low back. Taylor filed a workers' compensation claim alleging cumulative trauma injuries from the repetitive use of his neck and back.

Taylor testified that his job with Perry County involved operating heavy equipment in underground coal mines. In an eight or nine hour shift, Taylor typically sat "cramped up" at the controls of the machine using foot pedals and hand levers to run the equipment. Taylor described his job as "physical, heavy duty work." Over the last four years of his employment, Taylor testified that he experienced the gradual onset of neck and low back pain which radiated down his right leg.

To support his workers' compensation claim, Taylor filed the report of Dr. Morgan and the independent medical examination ("IME") report of Dr. Arthur Hughes. Dr. Hughes reviewed x-rays, MRIs, and conducted a physical examination of Taylor. Dr. Hughes noted that imaging studies indicated Taylor had severe cervical stenosis and narrowing, bulge with spurring at L3-4 and L4-5, and spondylosisthesis at L5-S1 with posterior disc bulge. Dr. Hughes diagnosed Taylor with neck pain without radiculopathy and lower back pain

---

[1] Taylor also worked for Perry County from the late 1980's to the early 1990's.

with right lumbar radiculopathy caused by cumulative trauma. He stated in his report that Taylor's injury was the cause of his pain and that "[t]he neck pain is a consequence of cumulative injury in his work as an underground miner and his lower back and right leg pain is also the consequence of cumulative injury as a consequence of his work as an underground miner." Dr. Hughes also stated that the harmful change in Taylor's human organism was a result of his employment which required "bending, twisting, lifting, crawling, pushing and pulling, stooping, crouching, and prolonged walking and standing." Dr. Hughes did not believe Taylor could return to work as an underground coal miner and assessed 15% whole person impairment, attributing 5% to Taylor's neck and 10% to the low back. In response, Perry County submitted the IME report of Dr. Daniel Primm who assessed no impairment rating. He concluded that any pain Taylor experienced was due to age-related degenerative changes not attributable to his former employment as an underground coal miner.

After a review of the evidence, the ALJ found that Taylor's work history as an underground coal miner accelerated the degenerative conditions detected by Dr. Hughes. The ALJ found that Taylor suffered an injury as defined by the Act as of September 7, 2012 and awarded permanent total disability benefits based on 15% whole person impairment. Perry County filed a petition for reconsideration alleging that the existence of an injury per KRS 342.0011(1) had not been established. The ALJ denied the petition.

3

On appeal, the Board vacated Taylor's award in part and remanded the matter to the ALJ for further proceedings. The Board stated:

> we agree with [Perry County's] assertion [that] the medical evidence does not establish Taylor's injury was due to either a specific incident or multiple incidents arousing degenerative conditions into disabling reality. Further, there is no medical evidence establishing the cervical and lumbar degenerative changes were caused by Taylor's work. Dr. Primm believed Taylor's back and neck problems were due to age related degenerative changes and Taylor did not have an impairment as a result of his work as a bridge operator. On the other hand, Dr. Hughes believed Taylor sustained cumulative injuries at work to his lower back and neck. Dr. Hughes opined Taylor's lower back, neck, and right leg pain were a 'consequence of cumulative injury' sustained in the course of his work as an underground miner.
>     There is no question the x-rays and MRIs performed in 2012 reveal significant degenerative changes in Taylor's back and neck. However, Dr. Hughes did not express the opinion those degenerative changes were dormant conditions aroused into disabling reality by a cumulative injury or injuries sustained during the course of Taylor's work for Perry County. In fact, Dr. Hughes did not specifically state the degenerative changes were related to the cervical and lumbar injuries. Therefore, the ALJ's determination Taylor sustained a work-related injury due [to] his 'physically demanding activities' at work 'which would have naturally accelerated the degenerative conditions detected by Dr. Hughes' and the award of income and medical benefits must be vacated.

The ALJ was instructed to make findings regarding whether Taylor sustained cumulative trauma injuries which became manifest on September 7, 2012.

The ALJ issued an opinion and order on remand finding that Taylor's neck, back, and right leg pain were caused by cumulative injuries sustained and caused by his work as an underground coal miner. Again, Taylor was found to have a permanent total disability. The ALJ based his determinations on the IME report of Dr. Hughes. A petition for reconsideration was filed by Perry County and denied.

4

Perry County appealed again to the Board arguing that the ALJ's finding of the existence of a cumulative trauma injury and permanent total disability was not supported by substantial evidence. Perry County also argued that pain does not constitute a harmful change in the human organism which can be evidenced by objective medical findings and is not cumulative trauma pursuant to KRS 342.0011.

The Board affirmed the ALJ's opinion and order on remand. The Board stated:

> KRS 342.0011(1) defines 'injury' as 'any work-related traumatic event or series of traumatic events, including cumulative trauma . . . arising out of and in the course of employment which is the proximate cause producing a harmful change in the human organism evidenced by objective medical findings.' KRS 342.0011(33) defines 'objective medical findings' as 'information gained through direct observation and testing of the patient applying objective or standardized methods.' In *Gibbs v. Premier Scale Co./Indiana Scale Co.*, 50 S.W.3d 754 (Ky. 2001), the Court recognized in addition to objective diagnostic tools such as x-ray, CT scan, EMG/NCV or MRI, there is a wide array of standardized laboratory tests and tests of physical and mental function available to the medical practitioner. Therefore, the Court held the existence of a harmful change can be established indirectly, through information gained by direct observation, and/or by testing which applies objective or standardized methods demonstrating the existence of symptoms of such a change. *Id.* at 762.
> Based on the above standard, Dr. Hughes' report supports a finding of an injury since he diagnosed a harmful change based on information gained through reviewing Taylor's chiropractic treatment records and MRI reports, as well as direct observation. Dr. Hughes specifically reviewed Dr. Morgan's records from June 2012 to August 2012, along with the cervical and lumbar x-rays and MRI reports. He also performed a physical examination . . .
> Therefore, we find Dr. Hughes' report constitutes substantial evidence and supports the ALJ's finding Taylor sustained injuries to his neck, low back, and right leg.
> We likewise find Dr. Hughes' opinion constitutes substantial evidence regarding causation, i.e., Taylor's injuries are the result of work-related cumulative trauma. While medical causation usually

5

requires proof from a medical expert, the ALJ may properly infer causation, or a lack of causation, from the totality of the circumstances as evidenced by lay and expert testimony of record . . . Causation is a factual issue to be determined within the sound discretion of the ALJ as fact finder. . . The deficiencies of Dr. Hughes' opinions alleged by [Perry County] go to the weight of the evidence, and do not render is unsubstantial.

The Court of Appeals affirmed the Board and this appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* The ALJ, as fact-finder, has the sole discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985). For the below stated reasons, we affirm the Court of Appeals.

Perry County argues that Taylor did not establish by substantial evidence that he suffered a cumulative trauma injury compensable under KRS Chapter 342. It contends that Dr. Hughes only diagnosed Taylor with pain in his neck, back, and right leg. Perry County argues that pain is not a harmful change in the human organism that is evidenced by objective medical findings,

6

and is not a "cumulative trauma injury" under KRS 342.0011(1). The AMA *Guides,* 5th Edition, Perry County notes, only allows a 3% impairment for pain as opposed to the 15% impairment that Dr. Hughes assigned.

In *Gibbs,* 50 S.W.3d at 762, this Court stated that the diagnosis of a harmful change based solely on certain symptoms, such as pain, is sufficient for the purposes of recommending certain medical treatment. Additionally, the presence of symptoms reported by a patient can be viewed as evidence that a harmful change has occurred. *Id.* However, a patient's symptoms do not constitute objective medical findings as defined by KRS 342.0011(33). *Id.* Thus, a diagnosis based upon symptoms alone is insufficient to prove the existence of an injury for the purposes of Chapter 342. *Id.* Perry County argues that Dr. Hughes's report runs afoul of these principles because he only diagnosed Taylor with suffering from pain. We disagree.

A review of Dr. Hughes's report indicates that after his review of Taylor's medical records, he diagnosed him with severe cervical stenosis and narrowing, bulge with spurring at L3-4 and L4-5, and spondylolisthesis at L5-S1 with posterior disc bulge. Dr. Hughes also diagnosed Taylor with neck pain without radiculopathy and lower back pain with right lumbar radiculopathy. Dr. Hughes attributed all of these injuries to cumulative trauma caused by Taylor's job. Dr. Hughes noted that the pain Taylor felt was caused by his cumulative trauma injuries and he did not base his diagnosis entirely on the existence of the pain. As stated by the Board, any deficiencies in Dr. Hughes's report go to the weight of the evidence and do not render it unreliable.

7

It is important to note that the Board's first opinion only stated that the ALJ erroneously found that Dr. Hughes believed Taylor had pre-existing conditions which were brought into disabling reality by cumulative trauma. The Board's first opinion never stated that Dr. Hughes's report was not substantial evidence for a finding that Taylor suffered from a work-related cumulative trauma. There is no error here.

For the above stated reasons, we affirm the Court of Appeals.

All sitting. All concur.

COUNSEL FOR APPELLANT,
PERRY COUNTY COAL CORPORATION:

Sarah Kathryn McGuire

COUNSEL FOR APPELLEE,
JERRY TAYLOR:

McKinnley Morgan

8