# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$

FINAL

## 2015-SC-000476-WC

DATE 7-7-16 ЕллА GrauttP.C.

DANA CORPORATION                                                                 APPELLANT


                              ON APPEAL FROM COURT OF APPEALS
V.                                  CASE NO. 2014-CA-001902-WC
                              WORKERS' COMPENSATION NO. 03-95433


MARTIN ROBERTS;
HONORABLE J. GREGORY ALLEN,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                                      APPELLEES


## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

Appellant, Dana Corporation, appeals a Court of Appeals decision that affirmed an award of permanent total disability ("PTD") benefits to Appellee, Martin Roberts. Dana argues that this Court should reconsider the holding in *Hall v. Hospitality Resources, Inc.*, 276 S.W.3d 775 (Ky. 2008), and find that Roberts's motion to reopen was untimely filed. For the below stated reasons, we affirm the Court of Appeals.

Roberts suffered a work-related injury on September 24, 2001. The occurrence of the injury was described as "lower back pain/climbing on/servicing equipment, lower back pain from servicing a machine." Roberts and Dana entered into a settlement agreement based on a 23% impairment

rating which was approved by an Administrative Law Judge ("ALJ") on February 5, 2004. The settlement did not waive his right to future medical benefits.

On February 11, 2011, Roberts filed a motion to reopen, KRS 342.125(3), seeking temporary total disability ("TTD") benefits and payment for medical treatment. The motion stated that on April 10, 2010, Roberts began to experience intermittent back pain which subsequently increased. Because of the symptoms, Dr. David Rouben performed an MRI on Roberts which indicated a worsening of Roberts's condition. Dr. Rouben restricted Roberts from walking and recommended surgery. Dana objected to the motion. However, the Chief Administrative Law Judge ("CALJ") concluded that Roberts set forth a *prima facie* case to reopen and sustained the case for another ALJ to review.

The motion to reopen was assigned to ALJ Lawrence Smith. After a review of the evidence, ALJ Smith found that the procedure recommended by Dr. Rouben was reasonable, necessary, and work-related. He issued an opinion, order, and award on September 19, 2011, which found Dana responsible to pay for the medical treatment. ALJ Smith also ordered Dana to pay Roberts TTD from the date of surgery to the time he reached maximum medical improvement ("MMI"). Roberts underwent the medical procedure in November 2011.

On April 10, 2013, Dana filed a motion and affidavit to terminate Roberts's TTD benefits. Dana stated that Dr. Ellen Ballard conducted an

2

independent medical examination ("IME") on Roberts and concluded he reached MMI on November 2, 2012. Roberts filed a response to the motion arguing that Dr. Rouben was still treating him. Dr. Rouben believed that Roberts had not reached MMI.

On May 23, 2013, Roberts filed a "Motion to Reopen for Increased Impairment, Changed and Worsening of Condition, and Total Occupational Disability." Roberts alleged that his condition obviously worsened because he had to undergo the procedure from Dr. Rouben. Roberts noted in 2003, Dr. Rouben assigned him a 23% impairment rating but now pursuant to the AMA *Guides* he falls within DRE Category V, which requires a minimum 25% whole person impairment. Roberts also contended he was unable to find any type of work. Dana responded by filing a motion arguing that Roberts's motion to reopen should be barred by the statute of limitations. KRS 342.125(3). The matter was reassigned to ALJ Alison Jones.

ALJ Jones entered an order sustaining Dana's motion to terminate TTD benefits effective June 13, 2013. But, she also overruled Dana's motion to dismiss based on *Hall*, 276 S.W.3d at 775. *Hall* stated that for the purposes of KRS 342.125(3), any order which grants or denies benefits tolls the statute of limitations. She found that ALJ Smith's order reopening the claim and awarding TTD and medical benefits restarted the four year period in which one may move to reopen the claim. Thus, since Roberts's motion to reopen was filed May 23, 2013, and that was less than four years after ALJ Smith's motion

3

granting him TTD benefits, it was timely. A petition for reconsideration filed by Dana was denied.

The Board affirmed in a two to one opinion. Chairman Alvey dissented, arguing that the dissent in *Hall*, which wrote that a reopening may only be filed four years after the original opinion or award, was correct. He wrote that while KRS 342.125(3) allows for reopening for additional TTD benefits, it does not revive the four year statute of limitations every time an order granting or denying benefits is entered. He noted that a prime objective of the General Assembly in passing KRS 342.125(3) was to restrict and not expand the granting of workers' compensation awards. The Court of Appeals affirmed, and this appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* The ALJ, as fact-finder, has the sole discretion to judge the credibility of testimony and weight of evidence.

4

*Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985). KRS 342.125(3) states:

> [e]xcept for reopening solely for determination of the compensability of medical expenses, fraud, or conforming the award as set forth in KRS 342.730(1)(c)2., or for reducing a permanent total disability award when an employee returns to work, or seeking temporary total disability benefits during the period of an award, no claim shall be reopened more than four (4) years following the date of the original award or order granting or denying benefits, and no party may file a motion to reopen within one (1) year of any previous motion to reopen by the same party.

Dana requests that this Court overrule the decision in *Hall*, 276 S.W.3d 775, or in the alternative find that this matter is factually distinguishable. *Hall* held that "original award or order" as used in KRS 342.125(3) indicates the statute of limitation runs from either the original award or any order thereafter which grants benefits. *Hall* reasoned:

> That the reference to the 'original award or order granting or denying benefits' was intended to encompass orders granting benefits other than the 'original award,' is established by several additional uses in the same statute. For example, KRS 342.125(1) allows an ALJ to 'reopen and review any award or order' on stated grounds. (emphasis added). It is uncontestable that the reference to 'order' in KRS 342.125(1) encompasses an order different than the original award, otherwise there could be no reopening of awards changed subsequent to the original award, increasing or decreasing benefits, as all must concede is the practice. For example, KRS 342.125(1)(d) specifically allows a 'reopening and review' upon a '[c]hange of disability as shown by objective medical evidence of worsening or improvement of impairment due to a condition caused by the injury since the date of the award or order.' (emphasis added). If the word 'order' was interpreted to refer only to the original award, a 'review and reopening' of a subsequently increased or decreased award or order could simply not occur. And, KRS 342.125(4) acknowledges that the '[r]eopening shall not affect the previous order or award as to any sums already paid thereunder.' (emphasis added). Meaning simply, that the new award or order will operate prospective only for the remaining term of the award.

Given our further analysis, the conclusion that an 'order granting or denying benefits' was tended to encompass an order granting benefits different than an original award or settlement is compelling. Thus, the reference in KRS 342.125(3) to 'the original award or order granting or denying benefits,' must necessarily refer not only to the original award, but to any subsequent order granting or denying benefits.

*Hall*, 276 S.W.3d at 784-85.

We decline to reverse *Hall* at this time. Addtionally, we do not find that the facts in this matter prevent the application of *Hall*. Admittedly, the motion in *Hall*, which tolled the statute of limitations, was filed closer to the original order than the one in this matter. However, the fact remains that ALJ Smith's order, entered on September 19, 2011, awarded Roberts TTD benefits and is an order which restarted the four-year statute of limitations in KRS 342.125(3). Thus, Roberts's motion to reopen filed on May 23, 2013, was timely filed and shall not be dismissed.

For the above stated reasons, we affirm the decision of the Court of Appeals.

All sitting. Cunningham, Keller, Noble, Venters, and Wright, JJ., concur. C.J. Minton, dissents as follows: I must respectfully dissent as I did in *Hall v. Hospitality Resources, Inc.*, 276 S.W.3d 775 (Ky. 2008), because I believe that KRS 342.125(3) does not allow for the reopening of a claim filed more than four years after the initial award or order granting or denying benefits. Hughes, J., joins.

6

COUNSEL FOR APPELLANT,
DANA CORPORATION:

Guillermo Alfredo Carlos
James Burke Cooper


COUNSEL FOR APPELLEE,
MARTIN ROBERTS:

Stephanie Nicole Wolfinbarger
Jessica Jarboe Logsdon