MINTON, C.J.
DISSENTING:
Respectfully, I dissent. The Service Center argues that the Court of Appeals erred by substituting its opinion of the evidence for the ALJ’s. Specifically, the Service Center argues that Dr. Roseman’s medical opinion constituted substantial evidence that Eddie’s death was not work related. I agree. Dr. Roseman’s opinion is thorough, and the ALJ was within his discretion to rely upon it. The ALJ, as fact-finder, has the sole discretion to judge the credibility of testimony and weight of evidence. Paramount Foods, Inc. v. Burkhardt, 695 S.W.2d 418 (Ky. 1985). And the Court of Appeals exceeded its appellate role by reweighing the evidence. We should reverse the Court of Appeals’ decision. But instead of correcting the Court of Appeals’ error, the'Majority magnifies it by taking an even deeper dive into the fact-finding function that belongs to the ALJ. We would do well to remember the responsibility of this Court in Workers’ Compensation cases “is to address new or novel questions of statu *890 tory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude.” Western Baptist Hosp. v. Kelly, 827 S.W.2d 685, 688 (Ky. 1992). I dissent.